IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                                )
                                      )
COMMUNITY BANK OF NORTHERN            )  Civil Action No. 03-425
VIRGINIA AND GUARANTY BANK            )
SECOND MORTGAGE LITIGATION            )

ORDER OF COURT

Before the court is the objectors' motion to strike [Document No. 214]. The objectors contend that the reply brief class counsel filed on April 21, 2006 [Document No. 202] and the "Notice of Supplemental Authority" class counsel filed on April 24, 2006 [Document No. 204] are in violation of this court's scheduling order of December 14, 2005, and are otherwise not responsive to the issue currently before the court. Therefore, according to objectors, they should be stricken from the record. The court agrees.

This dispute stems from the position both class counsel and defendants' counsel advocated at the scheduling conference held before the court on November 4, 2005 regarding how this court should execute the Court of Appeals for the Third Circuit's mandate that the "viability" of the potential Truth in Lending Act ("TILA") and Home Owners Equity Protection Act ("HOEPA") claims be analyzed. Both class counsel and defendant's counsel contended that the question of whether the TILA and/or HOEPA

claims are "viable" must be viewed within the framework of an adequate representation determination under Fed.R.Civ.P. 23, and not as a starting point in the analytical process to determine whether the claims were justiciable. The court considered their arguments and, though the appellate opinion in this matter was not the model of clarity on this point, the court was unequivocal at the hearing as to the procedure to be used.

>Specifically, the following colloquy took place:
>
>Mr. Allen: Now, we understand Your Honor has looked at this and is inclined to think that somehow this TILA/HOEPA viability really is a threshold issue, but I guess I just want to make it clear that I think, in our view, that it needs to be addressed in the context of the opinion.
>
>The Court: Well, I think it will be. I think we can take it step by step and find out, first of all, if they were viable claims, and, if so, was there a valid reason not to pursue them? That's a two tiered analysis here and I would prefer to do it in a two tiered way.
>
>Transcript of November 4, 2005, status conference at pages 33-34.

Further:

>The Court: I think the first thing we have to do is determine viability of these claims. If I determine that they are viable, and I think the arguments as to whether or not a named representative can adequately represent those members of your class who have such claims or should is question number two...
>
>Transcript of November 4, 2005, status conference at page 32-33.

And, finally:

> The Court: If I say they're not viable because of statute of limitations, or the elements can't be met, or something like that then I think the wind might be out of [the objectors] sails here. . .
>
> The Court: Then I would have to go ahead with your plan Mr. Carlson, go ahead and do the do over...
>
> Further, I stated now because I think so much stems from that because if I know whether these claims are viable and whether that viability or lack of viability determines whether you have adequate class representation, everything sort of jumps off at that point. I think that's all we can do right now at this point.
>
> Transcript of November 4, 2005, status conference at page 35.

At the conclusion of the scheduling conference the court appointed a steering committee and directed the steering committee to meet and confer as to a briefing schedule which would facilitate the court's examination of the threshold issue, namely, the viability of the TILA and HOEPA claims. The steering committee did so and the proposed briefing schedule was adopted by the court on December 14, 2005.

At the conclusion of the status conference on November 4, 2005, and following the scheduling order issued on December 14, 2005, the court was confident the parties clearly understood the procedure to be used. Recent filings by class counsel make it apparent, however, that the court's confidence was misplaced. Although no clarification should be necessary, the parties are

hereby advised, yet again, that the court will analyze these issues in a systematic manner. First, the court will determine if the TILA and HOEPA claims of absent class members are viable or whether they are nonjusticiable because they are barred by the statute of limitations, or otherwise. If the court determines that some members of the class have viable TILA and HOEPA claims, the court will then decide whether the named plaintiffs can adequately represent those members of the class. If so, the court will then decide whether the class counsel adequately represented absent class members with viable TILA and HOEPA claims. To the extent that any of the voluminous filings received by the court in the past several months address matters outside the scope of the initial question of viability, they will be disregarded. Pursuant to the mandate of the court of appeals, each issue will be analyzed, and each party will have the opportunity to be heard, *seriatim*.

Finally, the court reminds all counsel in this case of footnote 37 of the court of appeals opinion in this matter:

> We note as well that the District Court was besieged by opposed groups of lawyers who flooded it with numerous motions, arguments, and counter-arguments, which undoubtedly made it difficult for the Court to engage in the reflection needed to exercise its fiduciary duty to assure that the settlement process was procedurally fair. We have seen with dismay that some, if not many, of the attorneys on both sides of what has become the class action industry have, "in derogation of their professional and fiduciary obligations, placed their

> pecuniary self-interest ahead of that of the class." Reynolds, 288 F.3d at 279. We believe it is the responsibility of counsel, consistent with their obligations to their clients, to assist the district courts in their difficult tasks of managing often unweilding class actions by eliminating unnecessary motions, exercising restraint in filing objections, and treating opposing counsel with the civility that should characterize attorney relations.
>
> In Re Community Bank of Northern Virginia, 418 F.3d 277, 320 n.37 (3d Cir. 2005)

The court has now been required to consider a motion to strike, a reply to the motion to strike, and a reply to the reply to the motion to strike and to draft this opinion because counsel failed to adhere to the procedure that was established by the court over six (6) months ago. Counsel are cautioned to be ever mindful of their professional responsibility in their pursuit of zealous representation.

BY THE COURT:

_____ J.

5/18/06

cc:   All Counsel of Record