**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1674<br><br>Case No. 02-cv-01201<br><br>Hon. Gary L. Lancaster |

THIS DOCUMENT RELATES TO ALL ACTIONS,
AND IS BEING CONCURRENTLY FILED IN THE FOLLOWING ACTIONS:

| | |
|---|---|
| In re:<br>COMMUNITY BANK OF NORTHERN VIRGINIA AND GUARANTY NATIONAL BANK OF TALLAHASSEE SECOND MORTGAGE LOAN LITIGATION | Case Nos. 03-425, 01-1406 and 02-1616 |

## RENEWED MOTION TO INTERVENE

Pursuant to Rules 23(a)(4), 23(d), 24(a)(2) and 24(b)(2) of the Federal Rules of Civil Procedure, in accordance with the directions of the Third Circuit in *In re Community Bank of Northern Virginia*, 418 F.3d 277, 314-15 (3rd Cir. 2005), and having presented sufficient evidence to demonstrate the inadequacy of the proposed class representatives and their counsel in *Davis v. Community Bank of Northern Virginia, et al*. Case Nos. 01-1406 and 02-1201, *Ulrich v. Guaranty National Bank of Tallahassee, et al*, Case No. 02-1616 and in the consolidated matter captioned as *In re Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation*, Case No. 03-0425, the following persons, who do not suffer the inadequacies of the proposed representatives in those actions, renew all past requests to intervene and seek to intervene in as proposed representative plaintiffs in those actions:  John and Rowena Drennen Ronald D. Gray, Ozy T. McDaniel, David and Tammy Wasem, Richard and Margaret Harlin, Sylvester and Patrica Watkins, Stephen D. Jensen, Joseph

E. and Cynthia A. Brownfield, Rosa Kelly, Jerome Roberts, Melba Brown, Flora A. Gaskin, Roy Lee Logan, Shawn and Lorene Starkey, Charles E. Kelley, Jr. and Melissa Kelley.

This *Renewed Motion to Intervene* is based on the record in this matter, the proposed-intervenor-plaintiffs' *Consolidated Amended Complaint in Intervention* (attached hereto as **Exhibit 1**), and the memorandum set forth below.

I.  INTRODUCTION

   A.  **Objectors File This Renewed Motion to Intervene Pursuant to the Directive of the Third Circuit.**

The Third Circuit vacated this Court's approval of the 2003 settlement of a matter consolidated together for settlement purposes, which was captioned as "*In re Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation*" under Case No. 03-0425 for an abuse of discretion. As part of its opinion, the Third Circuit stated that intervention by members of the putative class would be appropriate after this Court followed the proper procedures, and scrutinized the proposed settlement class, the proposed class representatives and their counsel, in order to determine whether they were adequate to represent their proposed settlement-only class. *In re Community Bank of Northern Virginia*, 418 F.3d 277, 314-15 (3rd Cir. 2005).

During the pendency of the appeal that generated the Third Circuit's opinion, the Judicial Panel on Multidistrict Litigation transferred three other actions to this Court that involved the same predatory lending and racketeering scheme as each of the cases consolidated into Case No. 03-0425. Following the remand, in November 2005, this Court held a Status Conference in the multidistrict proceeding. At that hearing, Objectors orally withdrew their pending motion to intervene to accommodate the district court with its proceedings, based upon Objectors' understanding of the Third Circuit's mandate to "start over." That is, the Objectors believed that

their intervention request was effectively resolved in their favor given (i) the multidistrict proceeding involved a number of competing putative class actions (including those in Case No. 03-0425 and *Hobson v. Irwin Union Bank and Trust Co.*), (ii) no class action had been certified in any matter, because the Court had not appointed interim class counsel to represent any of the putative Class members and, (iii) because the proposed intervenors in Case No. 03-0425 and the proposed class representatives in *Hobson*, and their counsel, were more than adequate to represent the entire class of victims of the banks' and RFC' scheme.

To date, this Court has not coordinated or consolidated the proceedings pursuant to the separate mandate of the Judicial Panel on Multidistrict Litigation. *See* 28 U.S.C. § 1407. Nor has it certified any class action or appointed anyone to represent any of the putative classes as directed by the Third Circuit. Nor has it issued any notice to any class.

The Court's October 6, 2006 *Memorandum*, purported, as part of a Rule 23 analysis, to find that the class members' TILA and HOEPA claims time-barred and that a November 10, 2003 *Consolidated Amended Class Action Complaint* filed by the settling parties was the operative date for relation back purposes. The Objectors have asked this Court to reconsider the *Memorandum*, or to certify it for interlocutory appeal -- given its plain error – and to provide written rulings on these and other motions for purposes of an appeal.[1] This Court has refused.

The purported class representatives' and their counsels' acquiescence with the above and their refusal to take action ensuring that the putative class members receive the due process protections which form the cornerstone of the "adequacy of representation" requirement is unacceptable and demonstrates a clear abandonment of the best interest of the putative class members. The Court has not obtained personal jurisdiction over any of the class members and

---

[1] Prior to the presentation of issues to Judge Ziegler for consideration, the Court stated that all its prior rulings could be considered by Judge Ziegler. Judge Ziegler's July 5, 2007 "Advisory Opinion," to the contrary, stated that the Court instructed him not to review the statute of limitations ruling.

3

the "Settling Parties" have not undertaken or asked the Court to undertake those very basic steps – such as issuing notice to the proposed class members – which ensures a binding judgment by the class members against the Defendants.

Given all of the above, the Objectors' and proposed-intervenors' renew their efforts to protect the interests of the putative Class members defined in their *Consolidated Amended Complaint in Intervention*, by filing this *Renewed Motion to Intervene*.

## II.  STANDARDS FOR INTERVENTION

### A.  Intervention As a Matter of Right

> [T]o intervene as a matter right under Rule 24(a)(2) the prospective intervenor must establish that: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Harris v. Pernsley,* 820 F.2d 592, 596 (3rd Cir.1987). In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation. Therefore, when absent class members seek intervention as a matter of right, the gravamen of a court's analysis must be on the timeliness of the motion to intervene and on the adequacy of representation.

*In re Community Bank*, 418 F.3d 277, 314 (3rd Cir. 2005).

### B.  Permissive Intervention

As to permissive intervention, Rule 24(b) states:

> Upon timely application, anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"Permissive intervention is available upon timely application 'when an applicant's claim or defense and the main action have a question of law or fact in common." *Brody v. Sugzdinis*, 957 F.2d 1108, 1115-16 (3rd Cir. 1992)(quoting Rule 24(b)(2)).

Each of these requirements for intervention of right and permissive intervention is met here.

## III.     INTERVENTION IS NECESSARY AND APPROPRIATE

### A.     The Request is Timely

Timeliness of an intervention request "is determined by the totality of the circumstances." *In re Community Bank*, 418 F.3d at 314 (citing *United States v. Alcan Aluminum, Inc.,* 25 F.3d 1174, 1181 (3rd Cir. 1994). In the class action settlement context, a motion to intervene is timely if filed before the end of the opt-out period. *Id*. (quoting *McKowan Lowe & Co. v. Jasmine, Ltd.,* 295 F.3d 380 (3rd Cir. 2002)("Not until the existence and limits of the class have been established and notice of membership has been sent does a class member have any duty to take note of the suit or to exercise any responsibility with respect to it in order to profit from the eventual outcome of the case.").

The Court has not addressed class certification nor has it even certified any settlement class. *In re Community Bank*, 418 F.3d at 314 (3rd Cir. 2005). Permitting intervention at this time will not unduly prejudice the parties or the Class or delay the proceedings given the interests of the class that are at stake. If the Court finds the putative class to be inadequately represented, as it should, then the pending motion to intervene will allow for a cure of that inadequate representation without delay and without consequence to the putative class members.

In addition, as the Objectors' explained in their *Response and Opposition to the Settling Parties' Motion for Certification of Settlement Class and Approval of Proposed Modified*

*Settlement* and their *Brief Regarding the Notice Requirements of Rule 23*, if the Settling Parties' seek to bind the a class to their settlement agreement and release and obtain personal jurisdiction over the members of that class, then the Court must follow the proper procedures and issue a Notice commensurate with the requirements of Rule 23 and due process. Until it does so, this *Renewed Motion to Intervene* will absolutely be timely. *In re Community Bank*, 418 F.3d at 314-15.

> **B.    Inadequate Representation and Inadequate Notice to the Class.**

The proposed representative plaintiffs and their counsel in *Davis* and *Ulrich*, as well as in *Kessler*, Case No. 03-0425 and related actions, do not adequately represent the rights of all putative class members in those actions. The proposed intervenor plaintiffs, as members of the group of Objectors and/or the proposed representative plaintiffs in *Hobson v. Irwin Union Bank and Trust Co.*, have fully set forth in the record in this matter,[2] evidence that the proposed "new" settlement is unfair, inadequate and unreasonable as to the Class and that the provisions of the "new" settlement are illusory and the product of collusion. *In re Community Bank*, 418 F.3d at 315.

The proposed Settling Class representatives and the purported Settling Class counsel failed to assert viable TILA and HOEPA claims, which the Court wrongly found time-barred, ignored other valuable claims, such as the RICO claims of the class members, and did not get full value for the asserted RESPA claims. Moreover, even had they asserted the TILA and HOEPA claims, no current representative plaintiff has a claim within one year of the original

---

[2] Such filings include the *Objectors' Response and Opposition to the Settling Parties' Motion for Certification of Settlement Class and Approval of Proposed Modified Settlement* and in such filings as the *Motion for Appointment of Interim Class Counsel* in *Hobson*, as well as the voluminous "viability" briefing and the *Objectors' Response to the "Plaintiffs' Brief Addressing the Third Circuit Mandate that the Record Be Supplemented on Remand"* filed as part of that briefing.

filings of *Davis* or *Ulrich*, thus they could only represent those persons for whom equitable tolling or equitable estoppel preserves their claim.

The current representative and their counsel are inadequate, among other things, because they conducted no formal discovery throughout the pendency of these actions and negotiated an attorneys' fee provision that does not reflect pay for performance or risk. *See In re Community Bank*, 418 F.3d at 306-08. As the Objectors noted in their *Response and Opposition to the Settling Parties' Motion for Certification of Settlement Class and Approval of Proposed Modified* Settlement, the "new" settlement provides illusory settlement benefits for the release of the class members' TILA and HOEPA claims, as evidenced by the "claims-made" provisions combined with the "no new notice" provisions. That is, what defendants will pay is based upon the number of claims submitted by class members – yet the class members will not by design know about the settlement or how to file claims so that they can achieve what would be rightfully theirs under the settlement.

Because the proposed settling representatives and their counsel have pursued a settlement that substantially increases their benefits to the detriment of the proposed class, and not sought to maximize the recovery to the class, it is clear that the attorneys' fee award and the incentive awards[3] have created divergent interests and conflicts of interests between them and the putative class plainly indicative of inadequate representation. *In re Community Bank*, 418 F.3d at 314-15 (citing *Virginia v. Westinghouse Elec. Corp.,* 542 F.2d 214 (4th Cir. 1976) and *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964, 967 (5th Cir. 1978)).

Indeed, one only needs to look to the modified attorneys' fees provision of the "new" settlement to see exactly how the interests of the proposed representatives' counsel have

---

[3] The Objectors note that the $1,500 "incentive" awards offered to the Named Plaintiffs are more than the maximum any class member will receive under the proffered settlement, $1,257, and exactly 6 times the minimum, automatic payment that many of the class members will receive under the settlement.

significantly diverged from those of the class they seek to represent. In the "new" settlement's modified attorneys' fees provisions, the "Settling Parties" have offered what appears to be a $2 million attorneys' fee to Objectors' counsel to buy their silence and their acquiescence to the modified settlement and the post-remand proceedings in this Court. *See Modification No. 1 to Settlement Agreement and Release*, at ¶ 6 ("Defendants also agree to pay up to an additional $2,000,000 in attorneys' fees and costs if so ordered by the Court.").

### C.      Sufficient Interests and Impairment of Those Interests

The interests of almost 50,000 putative class members in the actions will be affected and impaired by the proposed modified settlement that the Defendants to the *Davis*, *Ulrich* and *Kessler* actions have reached with the proposed representative plaintiffs and their counsel in those actions. As such, intervention is absolutely necessary as a matter due process to protect those interests. *In re Community Bank*, 418 F.3d at 314.

### D.      *Consolidated Amended Complaint in Intervention*

The Proposed Intervenors' *Consolidated Amended Complaint in Intervention* is attached hereto as **Exhibit 1** in accordance with Rule 24(c). This *Consolidated Amended Complaint in Intervention applies* to the *Davis v. Community Bank of Northern Virginia, et al*. Case Nos. 01-1406 and 02-1201 and *Ulrich v. Guaranty National Bank of Tallahassee, et al*, Case No. 02-1616 matters, and to the consolidated matter captioned as *In re Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation*, Case No. 03-0425 (also known as *Kessler*). The *Davis*, *Ulrich* and *Kessler* actions are each part of the multidistrict proceeding No. 1674, captioned as "*In re: Community Bank of Northern Virginia Mortgage Lending Practices Litigation*." Due to the double consolidation of the cases, this

*Consolidated Amended Complaint in Intervention* applies to each of these actions and is being filed in each of these actions.

As the *Consolidated Amended Complaint in Intervention* evidences, the proposed intervenor-plaintiffs and their counsel are more than adequate to represent the class(es) defined therein.

WHEREFORE, for these reasons, the above-listed proposed interventors, pursuant to Rules 23 and 24 of the Federal Rules of Civil Procedure, seek to intervene in the *Davis* and *Ulrich* and *In re Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation (Kessler)* actions and to bring the claims asserted in their *Consolidated Amended Complaint in Intervention* (**Exhibit 1**) in those actions against the Defendants identified therein, and for such other relief as the Court deems just and proper.

Dated:  November 9, 2007                              Respectfully Submitted,


By      */s/ J. Michael Vaughan*
   J. Michael Vaughan
By      */s/ R. Frederick Walters*
   R. Frederick Walters
   David M. Skeens
   Garrett M. Hodes
WALTERS BENDER STROHBEHN &
 VAUGHAN, P.C. – *Lead Counsel*
2500 City Center Square
12th & Baltimore
P.O. Box 26188
Kansas City, MO  64196
(816) 421-6620
(816) 421-4747 (Facsimile)

and

Scott C. Borison, Esq.
LEGG LAW FIRM, LLC
5500 Buckeystown Pike
Frederick, MD 21703
(301) 620-1016
(301) 620-1018

and

Andrew Hutton, Esq.
550 West C Street
Suite 1600
San Diego, CA 92101
(619) 234-2500
(619) 839-3984

and

Knox McLaney, Esq.
MCLANEY & ASSOCIATES, P.C.
P. O. Box 4276
Montgomery, AL 36104
(334) 265-1282
(334) 265-2319

and

Franklin R. Nix, Esq.
LAW OFFICES OF FRANKLIN NIX
1020 Foxcroft Road, N.W.
Atlanta, GA 30327-2624
(404) 261-9759
(404) 261-1458

and

John W. Sharbrough, Esq.
THE SHARBROUGH LAW FIRM
156 St. Anthony Street
P.O. Box 996
Mobile AL  36601-0996
(251) 432-6620
(251) 432-5297

    and

Michael Cartee, Esq.
John Lloyd, Esq.
CARTEE & LLOYD
2210 Eighth Street
Tuscaloosa, AL  35401
(205) 759-1554
(205) 758-9477

*ATTORNEYS FOR PROPOSED INTERVENORS*

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the United States District Court for the Western District of Pennsylvania with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons this **9th** day of November 2007.

*/s/ J. Michael Vaughan*
*Attorneys for Objectors*