IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | MDL No. 1674 |
| COMMUNITY BANK OF NORTHERN | ) | Case No. |
| VIRGINIA AND GUARANTY BANK | ) | 03-425 |
| SECOND MORTGAGE LITIGATION | ) | |


Gary L. Lancaster,
District Judge.                                    January 25, 2008

MEMORANDUM and ORDER

       This is a putative class action alleging violations of

the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607,

("RESPA"), the Racketeering Influenced Corrupt Organizations Act,

18 U.S.C. §§ 1962(c), (d), ("RICO") and related state law claims.

Before the court are the Settling Parties' Motion for

Certification of a Settlement Class and Approval of Proposed

Modified Settlement [Doc. No. 225], and the Objectors' Renewed

Motion to Intervene [Doc. No. 284].  For the reasons set forth

below, the court will deny the Objectors' Renewed Motion to

Intervene, grant the Motion to Certify the Class and

preliminarily approve the settlement.  The Settling Parties will

be required, however, to submit a proposed plan for notice

pursuant to Fed.R.Civ.P. 23(e) within ten (10) days.

I.  Class Description

For the purpose of clarity, we will refer to the various parties in the same manner as did the court of appeals in its August 11, 2005 opinion.  Accordingly, the individuals represented by the law firms Carlson & Lynch, and Richardson, Patrick, Westbrook & Brickman  will be referred to as the "Class Plaintiffs."[1]  The individuals represented by the law firms Walters Bender Stroebhen & Vaughn, the Law Offices of Franklin R. Nix, The Sharborough Law Firm and the Legg Law Firm will be referred to as the "Objectors."  Defendants Community Bank of Northern Virginia ("CBNV"), Irwin Union Bank and Trust, Guaranty National Bank of Tallahassee ("GBNT") and its successor the Federal Deposit Insurance Corporation ("FDIC") and the GMAC Residential Funding Corporation will be referred to collectively as "defendants."

The Class Plaintiffs and defendants (hereinafter "Settling Parties") seek certification of the following class:

All persons:

(I)    who entered into a loan agreement with CBNV and/or GNBT;

---

[1]    The class plaintiffs are : Brian and Carla Kessler, Ruth J. Davis, John and Rebecca Picard, Nora Miller, William and Ellen Sabo, Robert and Rebecca Clark, Edward Kruska, Russell and Kathleen Ulrich, Thomas Mathis, Stephen and Amy Haney, and Patrice Porco.

(ii)    whose loan was secured by a second mortgage deed
                        or trust on property located in the United
                        States;
                (iii)   whose loan was purchased by RFC; and
                (iv)    who were not members of the class certified in
                        the action captioned <u>Baxter v. Guaranty National
                        Bank</u>, et al., Case No. 01-CVS-009168, in the
                        General Court of Justice, Superior Court
                        Division of Wake County, North Carolina.


II.   <u>Background</u>

      A.   <u>Factual Background</u>

      The court of appeals succinctly summarized the underlying facts in this case in its opinion in this matter, <u>In re Cmty. Bank of N. Virginia</u>, 418 F.3d 277, 283-84 (3d Cir. 2005). Accordingly, there is no need to repeat them here. Suffice it to say that this matter concerns several actions "alleging an illegal home equity lending scheme against two banks," CBNV and GNBT, "and a company that acquired second mortgage loans from those banks in the secondary market," RFC. <u>Id</u>. at 283.

      B.   <u>Procedural Background</u>

      1.   <u>The Complaints</u>

      A chronology of the multitude of complaints filed by Class Plaintiffs and the Objectors in this matter is set forth in this court's October 6, 2006 Memorandum [Doc. No. 223] and is incorporated herein by reference.

2. <u>The Original Settlement</u>

On July 14, 2003, Class Plaintiffs and CBNV, GNBT and RFC filed a joint motion for preliminary approval of a proposed nationwide class action settlement. The proposed settlement allocated payments to class members based upon: (1) when the loan closed; and (2) the borrower's state of residence when they obtained the loan. The proposed settlement guaranteed each class member a minimum payment of $250.00. In addition, upon submission of a claim form, some class members would be eligible for an additional $302.00. The maximum payment to any class member was $925.00. Defendants agreed to pay an aggregate amount of up to $33,000,000.00. Defendants also agreed to pay $8,100,00.00 in attorneys' fees.

On July 17, 2003, this court preliminarily approved the settlement and consolidated the above cases at Civil Action No. 03-425. This court further ordered that notice of the proposed settlement be sent to the class. On November 10, 2003, a Consolidated Amended Class Action complaint, joining all named Class Plaintiffs, was filed against CBNV, GNBT and RFC. Following a fairness hearing, this court approved the settlement on December 4, 2003.

The Objectors appealed and challenged "nearly every aspect of the proceedings in the District Court." <u>In re Cmty.</u>

Bank, 418 F.3d at 298.  The court of appeals reversed, remanded, and directed this court to "pay particular attention to the prevalence of colorable TILA, HOEPA, and other claims that the individual class members may have which were not asserted by class counsel in the consolidated complaint (or presumably in settlement negotiations)."  Id. at 310.

### 3.    Proceedings on Remand

In In re Cmty. Bank, the court of appeals held that this court did not adhere to the requirements of Fed.R.Civ.P. 23 in certifying a class and/or in approving the settlement.  Among other things, the court of appeals held that the settlement may not be fair and the representation may not be adequate because class members may have "viable" claims under the Truth in Lending Act ("TILA"), as amended by the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1601 et seq.  The Objectors had argued that these claims were not pled by the named plaintiffs and were not adequately compensated for in the proposed settlement.  The court of appeals further held that this court should, on a fully developed record, analyze the Objectors' motion to intervene as of right under Fed.R.Civ.P. 24(a).

Upon remand, this court held a status conference on November 4, 2005.  After discussion with all interested parties, this court determined that the question of viability of the

TILA/HOEPA claims would be addressed prior to the question of whether the settlement would be preliminarily approved. Notably, at the status conference, the Objectors orally withdrew their motion to intervene. After extensive briefing and oral argument by all interested parties, we determined that the individual class members did not have viable TILA/HOEPA claims. <u>See</u> Memorandum dated 10/6/2006 [Doc. No. 223].

### 4. The New Settlement

Prior to the court's viability determination, the Settling Parties continued negotiations. Specifically, the Settling Parties retained the Honorable Timothy K. Lewis, United States Court of Appeals for the Third Circuit, (Ret.), as a mediator. The Settling Parties, after a number of meetings with Judge Lewis, negotiated a new settlement agreement. The class definition did not change. The Settling Parties maintain that "[w]ithout conceding ... the viability of any purported claims the Modification provides an opportunity for Class Members to obtain significant additional benefits, which Class Counsel negotiated based upon the assumption ... that some borrower(s) might be able to overcome a motion to dismiss the TILA/HOEPA claims under Federal Rule of Civil Procedure 12(b)(6)." Joint Motion for Approval of Modified and Enhanced Settlement Agreement, [Doc. No. 225] at paragraph 5.

Pursuant to the new settlement, the class members would be eligible to receive an additional payment of $332.00 upon submission of a properly completed claim form. The defendants agreed to pay up to an additional $14,600,000.00 to the class for a total potential payment of up to $47,600,000.00. The Settling Parties also agreed that defendants will create a fund of $7,500,000.00 for attorneys' fees and costs. Thereafter, Class Counsel would petition the court for an award of fees not to exceed $7,500,000.00. Defendants further agreed, if the court orders, to pay an additional $2,500,000.00 in attorneys' fees.

The Objectors oppose the new settlement for many of the same reasons they opposed the original settlement. Specifically, the Objectors contend that the Class Plaintiffs are inadequate representatives. The Objectors argue that the Class Plaintiffs have failed to assert viable claims in exchange for defendants' agreement not to oppose Class Plaintiffs' request for $7,500,000.00 in fees. Although the Objectors concede that the proposed class satisfies most of the Rule 23 requirements, their primary argument is that the named representatives, and their counsel, are inadequate under Rule 23(a)(1). Fed.R.Civ.P. 23(a)(1).

III.  <u>STANDARD OF REVIEW</u>

It is Class Plaintiffs' burden to prove that this action satisfies all the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b).  <u>Johnston v. HBO Film Mgmt., Inc.</u>, 265 F.3d 178, 183-84 (3d Cir. 2001).  Rule 23(a) provides that a class may only be certified if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed.R.Civ.P. 23(a).

Here, plaintiffs seek certification under Rule 23(b)(3).  Rule 23(b)(3) provides that certification is proper if the court finds that "questions of law or fact common to the members of the class predominate over any questions affecting only individual class members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed.R.Civ.P. 23(b)(3).

Although a class certification decision requires a thorough examination of the factual and legal allegations, "[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action

8

or will prevail on the merits, but rather whether the requirements of Rule 23 are met." <u>Eisen v. Carlisle & Jacquelin</u>, 417 U.S. 156, 178 (1974)(citation omitted).

In the context of settlement-only class certification, the Supreme Court has noted that "a district court need not inquire whether the case, if tried, would present intractable management problems ... ." <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 620 (1997). The court of appeals has stressed, however, that "regardless of whether a district court certifies a class for trial or for settlement, it must first find that the class satisfies all the requirements of Rule 23." <u>In re Cmty. Bank</u>, 418 F.3d at 300. The court of appeals directed that "[i]n making this analysis, the district court may take the terms of the proposed settlement into consideration ... [t]he central inquiry, however, is the adequacy of representation." <u>Id</u>.

IV. <u>DISCUSSION</u>

A. <u>Procedural Posture</u>

At the outset, the Settling Parties appear to be arguing that the court of appeals' decision merely vacated this court's December, 2003, final certification order [Doc. No. 107]. Thus, the Settling Parties seem to contend that the class remains conditionally certified pursuant to this court's July, 2003 conditional certification order, [Doc. No. 8], and the court may

proceed to a final fairness hearing pursuant to Fed.R.Civ.P. 23(e). The Objectors argue that the case was never properly certified and, thus, the class members' due process rights would be violated in the absence of a full analysis under Rule 23.

The court of appeals repeatedly noted that a class was never properly certified in this matter, for settlement purposes or otherwise. The court of appeals first noted that "[o]ur review of the record makes plain that the District Court did not engage in the Rule 23(a) and (b) inquiry required by Amchem." See In re Cmty. Bank, 418 F.3d at 300. The court of appeals further noted that "the settlement-only class was never properly certified in accordance with Amchem." Id. at 301. The court of appeals concluded that, as a result, "[w]ithout certification there is no class action, and in a settlement entered without class certification the judgment will not have res judicata effect on the claims of absent class members." Id. at 303 (quoting In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig., 55 F.3d 768, 800 (3d Cir. 1995)).

Thus, the question now before the court is whether the proposed settlement class meets the requirements of Fed.R.Civ.P. 23 and whether the modified settlement is within the range of reasonableness justifying preliminary approval.

A.  Rule 23(a)

The court of appeals has noted that "Rule 23 is designed to assure that courts will identify the common interests of class members and evaluate the named plaintiffs' and counsel's ability to fairly and adequately protect class interests." In re Cmty. Bank, 418 F.3d at 302 (citation omitted).  In order for a class to be certifiable under Rule 23(a), it must meet four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Id.  If the court finds that the proposed class satisfies the four requirements of Rule 23(a), the court must then determine whether the class fits within one of the categories set forth in Rule 23(b). Id.  Here, the parties seek certification pursuant to Rule 23(b)(3).  Rule 23(b)(3) requires the court to examine whether common questions of law or fact predominate and whether "the class action mechanism is the superior method for adjudicating the case." Id.

1.  Numerosity

The court of appeals found that the prior proposed class, comprised of 44,000 borrowers, was sufficiently numerous. Id. at 303.  The class definition has not changed.  Thus, it is clear that the proposed class satisfies Rule 23(a)(1).

### 2.  Commonality and Typicality

As the court of appeals has opined "[t]he concepts of commonality and typicality are broadly defined and tend to merge."  In re Cmty. Bank, 418 F.3d at 303 (citation omitted).  Further, "[c]ases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims."  Id.(citation and internal quotation omitted).

In this matter, the court of appeals concluded that "[b]ecause the claims of all class members here depend upon the existence of the Shumway scheme, their interests are sufficiently aligned [such] that the class representatives can be expected to adequately pursue the interests of the absentee class members." Id. (citations and internal quotations omitted).  Defendants have agreed, for settlement purposes only, that the class satisfies Rule 23(a)(2) and 23(a)(3).  Accordingly, this court finds that the requirements of Rule 23(a)(2) and Rule 23(a)(3) have been met.

### 3. Adequacy

The Rule 23(a)(4) requirement of adequacy of representation actually encompasses two distinct inquiries designed to protect the interests of absent class members.  In re

Cmty. Bank, 418 F.3d at 303.  Specifically, "it considers whether the named plaintiffs' interests are sufficiently aligned with the absentees', and it tests the qualifications of the counsel to represent the class."  Id. (citation omitted).  As noted above, the Class Plaintiffs' claims are typical of the class and there is no apparent conflict of interest.  Further, Class Plaintiffs' counsel are well known to the court as experienced and zealous consumer class action advocates.

The dispute regarding adequacy of representation in this case turns on the "prevalence of colorable TILA, HOEPA, and other claims that the individual class members may have which were not asserted by class counsel in the consolidated complaint (or presumably in settlement negotiations)."  Id. at 310.[2]  This court, after extensive briefing, determined that the class had no viable TILA/HOEPA claims.  The viability analysis in this court's

---

[2]  Recently, the Objectors have argued that the settlement is infirm because the Settling Parties failed to adequately compensate the class for the RICO claims.  Class counsel did, however, assert RICO claims in the consolidated complaint.  The court of appeals clearly assumed that these claims were part of the settlement negotiations.  Accordingly, it is only the viability and valuation of the TILA/HOEPA claims, which were not asserted in the consolidated complaint, that are relevant to the question of adequacy of representation.

Memorandum of October 6, 2006 [Doc. No. 223] is incorporated by reference as if full set forth herein.[3]

The Objectors argue that each class member may be entitled to significantly more relief than provided for in the new settlement. Thus, the Objectors claim, the recovery contemplated by the Settling Parties is inadequate. The Objectors have calculated potential damages assuming, _inter alia_, that TILA/HOEPA claims for rescission are amenable to class-wide relief. This court thoroughly analyzed the TILA/HOEPA claims for rescission in its previous memorandum and held that these claims were subject to a statute of repose and were, therefore, time-barred.

In addition, although the Court of Appeals for the Third Circuit has not addressed this issue, other courts of appeal have held that claims for rescission are purely personal in nature and, therefore, are not appropriately asserted in class actions. In <u>McKenna v. First Horizon Home Loan Corp.</u>, the Court of Appeals for the First Circuit held that class certification is not available for rescission claims under TILA. <u>McKenna v. First</u>

---

[3]
    Accordingly, the Objectors' Motions for Reconsideration, [Doc. No. 235], to Certify Memorandum for Interlocutory Appeal [Doc. No. 236], to Amend or Correct [Doc. No. 266] and For Ruling on Pending Motions [Doc. No. 282] will be denied as MOOT.

<u>Horizon Home Loan Corp,</u>, 475 F.3d 418, 423 (1st Cir. 2007).  In <u>McKenna</u>, the court of appeals engaged in an extensive analysis of TILA's statutory scheme.  The court of appeals, relying on the Court of Appeals for the Fifth Circuit's decision in <u>James v. Home Constr. Co. of Mobile, Inc.</u>, 621 F.2d 727, 731 (5th Cir. 1980), held that "as a matter of law, class certification is not available for rescission claims, direct or declaratory, under the TILA ... ."  <u>McKenna</u>, 475 F.3d at 423.  The court of appeals specifically concluded that "Congress did not intend recission suits to receive class-action treatment."  <u>Id</u>. Following this reasoning, we would also conclude that even if any class member had timely filed a personal TILA/HOEPA claim for rescission, he or she could not assert this claim on a class-wide basis.

Accordingly, the Class Plaintiffs' failure to assert TILA/HOEPA claims in the consolidated amended complaint does not render them inadequate representatives.  Because we have already found that Class Plaintiffs' claims are typical and Class Plaintiffs' counsel are qualified, the requirements of Rule 23(a)(4) are met.

B.  <u>Rule 23(b)(3)</u>

As set forth above, the parties seek certification pursuant to Rule 23(b)(3).  Rule 23(b)(3) requires the court to examine whether common questions of law or fact predominate and

whether "the class action mechanism is the superior method for adjudicating the case." In re Cmty. Bank, 418 F.3d at 302.

### 1. Predominance

"The predominance inquiry tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation." Id. at 308-09(citation omitted). Thus, "[i]n this vein, a predominance analysis is similar to the requirement of Rule 23(a)(3) that claims or defenses of the named representatives must be 'typical of the claims [or] defenses of the class.'" Id. (quoting Amchem, 521 U.S. at 623 n.18). As noted above, the claims all arise from the substantially similar factual predicate. Thus, the court finds that the Rule 23(b)(3) requirement that "questions of law or fact common to the members of the class predominate over any questions involving individual class members" has been satisfied. Fed.R.Civ.P. 23(b)(3).

### 2. Superiority

Rule 23(b)(3) lists the following factors as relevant to the question of whether a class action is superior to other forms of litigation, including:

> (A) the interest of members of the class is individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D)

the difficulties likely to be encountered in the
management of a class action."

Fed.R.Civ.P. 23(b)(3).

The superiority inquiry requires this court "to balance, in terms
of fairness and efficiency, the merits of a class action against
those of alternative available methods of adjudication." In re
Cmty. Bank, 418 F.3d at 309. (citations and internal quotations
omitted). All relevant factors support a finding that a class
action is superior to other forms of litigation in this case. As
the court of appeals concluded, "[w]e find no reason...why a Rule
23(b)(3) class action is not a superior means to adjudicate this
matter." Id. at 310.

### C. The Proposed Settlement

Rule 23(e)(1)(A) provides that "[a] class action shall
not be dismissed or compromised without approval of the court..."
Final approval of a class action settlement requires a finding
that the settlement is "fair, reasonable and adequate."
Fed.R.Civ.P. 23(e)(1)(c). At this juncture, however, the court
must only make "a preliminary determination on the fairness,
reasonableness, and adequacy of the settlement terms and must
direct the preparation of notice of the certification, proposed
settlement, and date of the final fairness hearing." Manual for
Complex Litigation (Fourth, § 21.632 (2004). Accordingly, the
question is not whether the settlement merits final approval.

Rather, the only question before the court is whether the settlement "discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval." Mehling v. New York Life Ins. Co., Civ. No. 99-5417, 2007 WL 3145344 at *1 (E.D. Pa. Oct. 24, 2007) (citation omitted).

The Settling Parties submit that this settlement meets the requirements for preliminary approval because it is the product of arm's-length negotiation by experienced counsel who are fully familiar with all aspects of class action litigation. The parties further submit that the settlement is within the range of possible approval in light of the substantial risks of continued litigation. As set forth above, the settlement provides for up to $44,000,000.00 in relief with each class member eligible for recovery ranging from a minimum of $250.00 to a maximum of $1,257.00

The court finds that the settlement merits preliminary approval. The court concludes that the settlement was reached as a result of arm's-length negotiation between experienced counsel aided by an experienced mediator and is within the range of reasonableness justifying preliminary approval.

D.  Notice

Despite the Settling Parties' protests to the contrary, notice must be sent to the class members informing them of the new settlement terms, providing them an opportunity to be heard and, if they so choose, to opt-out.  This is not an issue of interpretation of the court of appeals' opinion in this matter nor is it a simple procedural irregularity.  Rather, this is an issue of due process.

As the court of appeals noted, no class has been properly certified in this case.  Therefore, "[w]ithout certification there is no class action, and in a settlement entered without class certification the judgment will not have res judicata effect on the absent class members."  In re Cmty. Bank, 418 F.3d at 302 (quoting In Re Gen. Motors Corp., 55 F.3d at 800).  Further, "[i]n the class action context, the district court obtains personal jurisdiction over the absentee class members by providing proper notice of the impending class action and providing the absentees with the opportunity to be heard or the opportunity to exclude themselves from the class."  In re Prudential Ins. Co. Am. Sales Practice Litig., 148 F.3d 283, 306 (3d Cir. 1998)(citation omitted).  The due process requirements of the Fifth Amendment to the United States Constitution are satisfied by "the combination of reasonable notice, the

opportunity to be heard and the opportunity to withdraw from the class." Id. The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (citations omitted).

Rule 23(e)(1)(B) provides that this court "must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal or compromise." Fed.R.Civ.P. 23(e)(1)(B). Notice of provisional certification of a class action and preliminary approval of a settlement may be combined but must satisfy Rule 23(c)(2). Fry v. Hayt, Hayt & Landau, 198 F.R.D. 461, 474 (E.D. Pa. 2000). Rule 23(c)(2) requires that, in a class certified pursuant to Rule 23(b)(3), "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," must be provided. Fed.R.Civ.P. 23(c)(2). The notice must inform the class members of the pendency of the action, their right to opt-out, the effect of their failure to do so and their right to appear through counsel. Id.

Here, it is clear that the Settling Parties' argument that the prior notice was sufficient is unreasonable. The court

of appeals vacated this court's order upon which certification was conditioned. Thus, the prior notice informed the class of a settlement which was never ultimately approved and, in light of the new settlement, is no longer pending approval. The class has never received notice of the settlement that has now been preliminarily approved. Accordingly, the Settling Parties must prepare and file a new notice plan in compliance with Rule 23, within ten (10) days. In order to be approved, the notice must substantially conform to the notices proposed by the Federal Judicial Center which are available at www.fjc.gov. Upon receipt of the proposed notice plan, the Objectors, and any other interested party, will have the opportunity to be heard.

E. <u>Appointment of Class Counsel</u>

Pursuant to Rule 23(g)(1)(B), "a court that certifies a class must appoint class counsel." Fed.R.Civ.P. 23(g)(1)(B). In appointing class counsel, the court must consider: (1) the work counsel has done in identifying or investigating the potential claims; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) resources counsel will commit to representing the class. Fed.R.Civ.P. 23(g)(1)(c).

The court finds that Carlson Lynch LTD, R. Bruce Carlson, Gary F. Lynch, Richardson, Patrick, Westbrook & Brickman, A. Hoyt Rowell, III and Daniel Myers are qualified to "fairly and adequately represent the interests of the class" as required by Rule 23(g)(1)(C). Accordingly, the court will appoint Carlson Lynch LTD, R. Bruce Carlson, Gary F. Lynch, Richardson, Patrick, Westbrook & Brickman, A. Hoyt Rowell, III and Daniel Myers as class counsel.

### F.  Objectors' Renewed Motion to Intervene

Recently, the Objectors filed a motion styled "Motion to Intervene (Renewed) by Rowena Drennan." [Doc. No. 284]. In the motion, the Objectors argue that Mr. and Mrs. Drennan, whose civil action asserting, *inter alia*, TILA/HOEPA claims is pending in this court at Civil Action number 05-1386, and others are more appropriate class representatives. The Objectors seek, therefore, to intervene as of right pursuant to Rule 24(a)(2) and/or permissively pursuant to Rule 24(b)(2). Fed.R.Civ.P. 24.[4]

---

[4]    The motion, filed on November 9, 2007, refers to the previous text of Rule 24 which was amended on December 1, 2007. The current Rule 24 made a number of organizational changes to the previous rule and now the Objectors motion for permissive intervention would be properly brought pursuant to Rule 24(b)(1)(B).

The court of appeals held that, in the context of class action litigation, "the gravamen of a court's analysis must be on the timeliness of the motion to intervene and on the adequacy of representation." In re Cmty. Bank, 418 F.3d at 314. Timeliness, the court of appeals observed, "is determined by the totality of circumstances." Id. (citation omitted). The court concluded that "[t]he time frame in which a class member may file a motion to intervene challenging the adequacy of class representation must be at least as long as the time in which s/he may opt out of the class." Id. (citation omitted).

As noted above, the Objectors orally withdrew their motion to intervene in November of 2005. Although the court will direct the Settling Parties to submit a revised notice plan and provide the class with an additional period to opt out, under the unique circumstances of this case, the Objectors renewed motion is untimely. The Objectors voluntarily withdrew their motion to intervene two (2) years ago. They have identified no persuasive reason why they failed to pursue intervention in the interim other than their dissatisfaction with the court's rulings to date.

Even if this request were timely, it would be denied. The court of appeals noted that, in class actions, where the party seeking to intervene "has the same ultimate objective as a

party to the suit, a presumption arises that its interests are adequately represented ... ." <u>Id</u>. at 315 (citation and internal quotations omitted). Thus, the court held, "[t]o overcome the presumption of adequate representation, the proposed intervenor must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit." <u>Id</u>. (citation omitted). There is no such evidence of record here.

Further, the court of appeals directed this court to "consider, based upon a full record, whether [the Objectors] have met their burden of showing collusion warranting granting of [the] motion to intervene." <u>Id</u>. at 315. The court of appeals cautioned, however, that "we are in no way suggesting that absent class members who merely express dissatisfaction with specific aspects of the proposed settlement or that attorneys (who, after finding one or more class members as clients, and wish to share in the forthcoming fee), have the right to intervene." <u>Id</u>. Based upon a full record, the Objectors have failed to establish that the are entitled to intervene pursuant to Rule 24(a)(2). Fed.R.Civ.P. 24(a)(2).

The Objectors also seek to permissively intervene pursuant to Rule 24(b)(1)(B). A request to permissively intervene must be timely made. Fed.R.Civ.P. 24(b)(1). The decision whether to grant or deny a motion for permissive

intervention is "highly discretionary." <u>Brody v. Spang</u>, 957 F.2d 1108, 1115 (3d Cir. 1992). The court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3). Here, granting the Objectors' motion to intervene would substantially delay the adjudication of this matter, especially in light of their unilateral decision to withdraw this same motion two (2) years ago. Accordingly, the motion is denied.

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Settling Parties' Motion for Certification of a Settlement Class and Approval of Proposed Modified Settlement [Doc. No. 225] will be granted in part and denied in part. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | MDL No. 1674 |
| COMMUNITY BANK OF NORTHERN | ) | Case No. |
| VIRGINIA AND GUARANTY BANK | ) | 03-425 |
| SECOND MORTGAGE LITIGATION | ) | |

ORDER

AND NOW, this 25th day of January, 2008, for the reasons

stated in the Memorandum filed concurrently, IT IS HEREBY

ORDERED THAT:

(1) <u>Class Certification</u>.  Civil Action No. 03-425, styled

In Re Community Bank of Northern Virginia and Guaranty

National Bank of Tallahassee Second Mortgage Loan

Litigation, shall be maintained, for settlement

purposes, as a class action pursuant to Rule 23 on

behalf of the following class of plaintiffs:

All persons:

(I)   who entered into a loan agreement with CBNV
      and/or GNBT;
(ii)  whose loan was secured by a second mortgage deed
      or trust on property located in the United
      States;
(iii) whose loan was purchased by RFC; and
(iv)  who were not members of the class certified in
      the action captioned <u>Baxter v. Guaranty National
      Bank</u>, et al., Case No. 01-CVS-009168, in the
      General Court of Justice, Superior Court
      Division of Wake County, North Carolina.

(2) <u>Class Representatives; Class Counsel</u>. This conditionally certified class action shall be maintained with Brian and Carla Kessler, Ruth J. Davis, John and Rebecca Piccard, Nora Miller, William and Ellen Sabo, Robert and Rebecca Clark, Edward Kruska, Russell and Kathleen Ulrich, Thomas Mathis, Stephen and Amy Haney and Patrice Porco as class representatives. R. Bruce Carlson, Gary Lynch, Carlson Lynch LTD., and Daniel Myers, A. Hoyt Rowell, III, Richardson, Patrick, Westbrook & Brickman, LLC are designated counsel for the class.

(3) This certification is conditioned on final approval of the settlement and, in the event the settlement is not approved, this certification shall be vacated.

(4) <u>Proposed Settlement</u>. The court finds that the proposed settlement agreement appears, upon preliminary review, to be within the range of reasonableness. Accordingly, the settlement agreement shall be submitted to the class members for their consideration. The terms of the settlement provide that each participating class member will receive a minimum payment of $250.00. These class members would also be eligible to receive, upon submission of a

Proof of Claim Form, an additional $634.00.   The maximum a class member could receive is $1,257.00.

(5) <u>Notice</u>.  The parties are directed to submit a plan for notice within ten (10) days.   In order to obtain approval, the notice must substantially comply with the sample notices promulgated by the Federal Judicial Center and available at <u>www.fjc.gov.</u>

(6) Upon receipt of the parties' notice plan, the court will enter an order allowing all interested parties to comment on the notice.  If the notice is approved, the court will issue an order directing notice to be disseminated to the class, setting the date for the final fairness hearing, setting the date by which class members must opt-out of the class and setting the date by which objections must be received by the court.

(7) The Objectors' Motion to Intervene, Doc. No. 284, is DENIED.

BY THE COURT:


s/Gary L. Lancaster_____, J.
Hon. Gary L. Lancaster,
United States District Judge


cc:   All Counsel of Record