IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                              )
                                    )     MDL No. 1674
COMMUNITY BANK OF NORTHERN          )     Case No.
VIRGINIA AND GUARANTY BANK          )     03-425
SECOND MORTGAGE LITIGATION          )

Gary L. Lancaster,
District Judge.                                February 26, 2008

## MEMORANDUM and ORDER

This is a putative class action alleging violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607, ("RESPA"), the Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1962(c), (d), ("RICO") and related state law claims. Before the court are the Settling Parties' Joint Plan of Class Action Settlement Notice [Doc. No. 287], the Objectors' comments thereto [Doc. No. 295], the North Carolina Borrowers' comments thereto [Doc. No. 294], and the Objectors' Motion to Stay Pending Appeal [Doc. No. 288]. For the reasons set forth below, the court will deny the Objectors' Motion to Stay, and deny approval of the Settling Parties' Joint Plan of Class Action Settlement Notice, in part, without prejudice. The Settling Parties shall submit a revised proposed plan for notice pursuant to Fed.R.Civ.P. 23(e) consistent with this opinion on or before March 7, 2008.

### I. STANDARD OF REVIEW

Rule 23(e)(1)(B) provides that this court "must direct notice in a reasonable manner to all class members who would be

bound by a proposed settlement, voluntary dismissal or compromise." Fed.R.Civ.P. 23(e)(1)(B). Notice of provisional certification of a class action and preliminary approval of a settlement may be combined but must satisfy Rule 23(c)(2). <u>Fry v. Hayt, Hayt & Landau</u>, 198 F.R.D. 461, 474 (E.D. Pa. 2000). Rule 23(c)(2) requires that, in a class action certified pursuant to Rule 23(b)(3), "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," must be provided. Fed.R.Civ.P. 23(c)(2). The notice must inform the class members of the pendency of the action, their right to opt-out, the effect of their failure to do so, and their right to appear through counsel. <u>Id</u>.

## II. DISCUSSION

The Settling Parties' proposed notice, although in substantial compliance with the form of the notices promulgated by the Federal Judicial Center, does not satisfy the requirements of Rule 23 in a number of respects as set forth below.

### A. References to Judge Ziegler and Judge Lewis

The Settling Parties' proposed notice contains the following paragraph:

> The modified settlement resulted from negotiations that were overseen by retired Judge Timothy K. Lewis (formerly of the U.S. Court of Appeals for the Third Circuit). And, before the Court gave preliminary approval to the modified settlement, it asked retired Chief Judge Donald E. Ziegler (formerly of the U.S. District Court for the Western District of Pennsylvania) to evaluate whether the proposed

2

>     modified settlement was fair, reasonable, and adequate. In an advisory opinion, Judge Ziegler opined that the modified settlement is fair, reasonable and adequate to class members.

Joint Plan of Class Action Settlement Notice at Exhibit 2 page 1, Exhibit 3 page 1.[1]

The reference to the procedural history of this case, while accurate, is likely to confuse the class members. Accordingly, this statement, and any and all other references to either Judge Ziegler or Judge Lewis must be removed from the Class Publication Notice and the Class Mail Notice.

B. <u>Class Publication Notice</u>

The proposed Class Publication Notice is insufficient for several reasons.

1. The settling parties propose that the notice be published in one weekday national edition of USA Today. The Objectors correctly point out that the original notice was published in two (2) weekday national editions of USA Today. The court finds no reason to justify limiting the publication notice to one day. Accordingly, in order to be approved, the revised notice plan must provide for publication in two (2) weekday national editions of USA Today.

2. Further, as suggested by the Federal Judicial

---

[1] Contrary to the Joint Plan for Class Action Notice, the Class Publication Notice was attached as Exhibit 2 and the Class Mail Notice was attached as Exhibit 3.

3

Center, the publication notice shall contain a brief and prominent title. Thus, the notice shall provide, in bold type: "IF YOU OBTAINED A SECOND MORTGAGE FROM COMMUNITY BANK OF NORTHERN VIRGINIA AND/OR GUARANTY NATIONAL BANK OF TALLAHASSEE, YOU COULD GET PAYMENT FROM A CLASS ACTION SETTLEMENT."

3. In addition, the proposed Class Publication Notice informs interested class members that they can obtain a "free copy of the Full Notice that provides more detailed information about the modified settlement" by sending a written request containing, inter alia, their social security number. This is too onerous. The Settling Parties shall establish a website that allows class members to view the full notice without requiring them to either submit a written request or divulge their social security number.[2]

4. The proposed Class Publication Notice suggests that requests for exclusions or notices of objection to the settlement must be filed within thirty (30) days of publication. This is too brief a time period. The Settling Parties shall provide class members sixty (60) days from the second publication of the Class Notice to either request exclusion or object to the settlement. In addition, the notice shall be revised to allow individual class members who are represented by an attorney to have their request for exclusion filed by their attorney, as long as the attorney

---

[2] Further, as noted by the North Carolina borrowers, there is a typographical error which misidentifies the court in Baxter v. Guaranty National Bank.

includes with the filing a signed power of attorney from the class member requesting exclusion.

      5. The proposed Class Publication Notice also fails to completely disclose the parties' agreement regarding attorneys' fees. Specifically, the notice shall be modified at page 2 to include reference to the parties' agreement that defendant will "pay up to an additional $2,000,000 in attorneys' fees and costs, if so ordered by the Court."

      6. And finally, the revised Class Publication Notice shall, in accordance with the Federal Judicial Center's suggestions, include a prominent display of both the website address and a toll free number that interested class members can call in order to obtain more information.

      C. <u>The Class Mail Notice</u>

      The proposed Class Mail Notice must be modified in a number of ways.

      1. The Settling Parties shall require the Settlement Administrator to use envelopes that prominently display the following language as suggested by the Federal Judicial Center: (1) "NOTICE TO THOSE WHO OBTAINED A SECOND MORTGAGE FROM COMMUNITY BANK OF NORTHERN VIRGINIA AND/OR GUARANTY NATIONAL BANK OF TALLAHASSEE" on the front of the envelope; and (2) "IF YOU OBTAINED A SECOND MORTGAGE FROM COMMUNITY BANK OF NORTHERN VIRGINIA AND/OR GUARANTY NATIONAL BANK OF TALLAHASSEE, YOU COULD GET PAYMENT FROM A CLASS

ACTION SETTLEMENT" on the back of the envelope.

  2. The third bulleted item regarding Judge Lewis and Judge Ziegler shall be deleted. <u>See</u> Section A, <u>supra</u>.

  3. The fourth bulleted item shall be revised to note defendants' agreement to "pay up to an additional $2,000,000 in attorneys' fees and costs, if so ordered by the Court." <u>See</u> Section B. 5, <u>supra</u>.

  4. At page three of the Class Mail Notice, paragraph 4 is incorrectly identified as paragraph 5. Accordingly, all paragraphs that follow are misnumbered.

  5. At paragraph 12, incorrectly numbered paragraph 13, the notice shall be revised to reflect that the deadline for receiving requests for exclusion or objections is sixty (60) days after the second publication date. <u>See</u> Section B. 4, <u>supra</u>.

  6. The notice shall also be revised to reflect that individual class members who are represented by an attorney may have their request for exclusion filed by their attorney, as long as the attorney includes with the filing a signed power of attorney from the class member requesting exclusion. <u>See</u> Section B. 4, <u>supra</u>.

  7. At paragraph 15, incorrectly numbered paragraph 16, the sentence "you will not be charged for these lawyers" shall be deleted. Instead, the notice shall provide that "the lawyers will be paid as set forth in the following paragraph."

8. At paragraph 16, incorrectly numbered paragraph 17, the notice shall add that defendant will "pay up to an additional $2,000,000 in attorneys' fees and costs, if so ordered by the Court." See Section B. 5 supra.

9. At paragraph 17, incorrectly numbered paragraph 18, the final sentence shall read as follows: "if you do not follow these instructions the Court may not consider your objections."

D. The Objectors' Motion to Stay

The court has considered the Objectors' Motion to Stay Proceedings Pending Appeal, [Doc. No. 288]. The motion is denied.

III. CONCLUSION

For the reasons set forth above, approval of the Settling Parties' Joint Plan of Class Action Settlement Notice, [Doc. No. 287], will be denied, in part, without prejudice to the Settling Parties' right to submit a revised Joint Plan of Class Action Notice consistent with this opinion by March 7, 2008. Upon receipt of the parties' revised Joint Plan for Class Action Notice, any interested party will have seven (7) days to submit comments. The Objectors' Motion to Stay Proceedings Pending Appeal, [Doc. No. 288], will be denied. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                                  )
                                        )   MDL No. 1674
COMMUNITY BANK OF NORTHERN              )   Case No.
VIRGINIA AND GUARANTY BANK              )   03-425
SECOND MORTGAGE LITIGATION              )

## ORDER

AND NOW, this 26th day of February, 2008, upon consideration of the Settling Parties' Joint Plan of Class Action Settlement Notice, [Doc. No. 287], IT IS HEREBY ORDERED THAT approval is DENIED in part, without prejudice. IT IS FURTHER ORDERED THAT the Settling Parties' shall file a revised Joint Plan of Class Action Settlement Notice consistent with the opinion concurrently filed herewith on or before March 7, 2008. IT IS FURTHER ORDERED THAT any interested parties must file any comments on the notice within seven (7) days of the filing of the revised Joint Plan of Class Action Settlement Notice. IT IS FURTHER ORDERED THAT the Objectors' Motion to Stay Proceedings Pending Appeal, [Doc. No. 288], is DENIED.

BY THE COURT:

*/s/ Gary L. Lancaster*
Gary L. Lancaster,
United States District Judge

cc:     All Counsel of Record