IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | MDL No. 1674 |
| | ) | |
| COMMUNITY BANK OF NORTHERN VIRGINIA AND GUARANTY BANK SECOND MORTGAGE LITIGATION | ) ) ) ) | Civil Action No. 03-425 |

MEMORANDUM and ORDER

Gary L. Lancaster,                          March 27, 2008
District Judge.

       This matter is before the court on the Settling Parties' Motion For Injunction Against Bumpers Plaintiffs' Litigation in North Carolina, [Doc. No. 305]. The court has considered the motion, and supporting papers, as well as the Bumpers plaintiffs' brief in opposition thereto, [Doc. No. 310], and the Settling Parties reply brief, [Doc. No. 311]. For the reasons set forth below, the motion will be granted in part and denied in part. The court will enjoin Travis Bumpers, Troy Elliott, and their counsel, from taking any action in furtherance of class certification in the case captioned <u>Travis Bumpers v. Community Bank of Northern Virginia</u>, pending at 01 CVS 011342 in the General Court of Justice, Superior Division of Wake County, North Carolina until twenty (20) days after the end of the period established for class members to exclude themselves from the conditionally approved settlement in the above captioned action.

I.  FACTUAL BACKGROUND

The factual background of this case has been set forth numerous times and will not be repeated here. For the purposes of this motion, it is sufficient to note that, by order dated January 22, 2008, this court granted the motions of Travis Bumpers and Troy Elliott (collectively "Bumpers plaintiffs") to transfer Civil Action No. 03-1380 from this court to the United States District Court for the Eastern District of North Carolina for further remand to the General Court of Justice, Superior Division of Wake County, North Carolina on the basis of lack of subject matter jurisdiction. In addition, by order dated January 25, 2008, this court conditionally certified, for settlement purposes, a national class action.

In light of the determination that this court lacked subject matter jurisdiction over the claims asserted by the Bumpers plaintiffs, this court denied their motion for the creation of a sub-class as moot. This court further ordered, inter alia, that notice be sent to the class advising them of the conditional certification and settlement as soon as practicable but no later than April 1, 2008, [Doc. No. 303]. There is no dispute that Messrs. Bumpers and Elliott are members of the conditionally certified class in this case. There is no dispute that a majority of the putative class that Messrs. Bumpers and Elliott seek to represent are also members of the conditionally certified class.

2

As of this time, neither Mr. Bumpers nor Mr. Elliott have opted out of the conditionally certified class.

Upon remand to the General Court of Justice, Superior Division of Wake County, North Carolina, the Bumpers plaintiffs have aggressively pursued the state court litigation. Although the North Carolina court granted defendant Community Bank of Northern Virginia's motion for a brief stay of the proceedings, it scheduled a hearing on the Bumpers plaintiffs' motion for class certification for March 31, 2008. The Settling Parties argue that, if the North Carolina action is certified as a class action on behalf of North Carolina borrowers, this court's administration of the conditionally certified national class action will be impermissibly disrupted. Thus, they ask this court to enjoin the Bumpers plaintiffs, and their counsel, from continuing to litigate the state court action, in any manner, until twenty (20) days after the expiration of the opt-out period established by order dated March 18, 2008, [Doc. No. 303]. Barring any unforeseen delays, the requested injunction would expire on or about July 7, 2008.

II. DISCUSSION

A. Jurisdiction

The Settling Parties seek an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651. The court of appeals has held that "the application of the Anti-Injunction and the All Writs

3

Acts" must be "<u>preceded</u> by the satisfaction of jurisdictional prerequisites." Carlough v. Amchem Prod., Inc., 10 F.3d 189, 198 (3d Cir. 1993)(emphasis in original). To satisfy these jurisdictional prerequisites this court must have both subject matter jurisdiction over the matter, and personal jurisdiction over the parties who will be enjoined. Here, unlike in Carlough, there is no dispute that this court has federal question subject matter jurisdiction over the settlement pursuant to 28 U.S.C. § 1331. But we must also have personal jurisdiction over the Bumpers plaintiffs in order to proceed further with our analysis under the All Writs Act.

The court of appeals has stated that "it is a fundament of personal jurisdiction in a court of law that a [party] be actually domiciled or present within the territory of the forum court, without which the court would lack authority to bind that [party]." Carlough, 10 F.3d at 199 (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The court of appeals reiterated the "general principal of jurisdictional authority" that "in order to subject a [party] to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id. (citing International Shoe, 326 U.S. at 316) (internal quotations omitted).

4

Accordingly, the court of appeals concluded that "it would offend the Fifth Amendment's guarantee of due process for a federal court to enjoin an absentee class member whose minimum contacts with the forum have not been established or, in lieu of minimum contacts, who has not consented to the court's jurisdiction, explicitly or inferentially." Id. In the class action context, "prior to notice and the opt out period, and absent minimum contacts with the Pennsylvania forum or consent to its jurisdiction, a federal injunction enjoining state action would violate due process." Id. at 201 (citations omitted).

Here, it would be beyond peradventure to suggest that the Bumpers plaintiffs, and their counsel, do not have minimum contacts with this forum. The Bumpers plaintiffs have had extensive contacts with this forum. Certainly, these contacts are all specific to this, and the North Carolina, litigation. However, in that context, the contacts have been regular and repeated. The Bumper plaintiffs asked this court to transfer their case to a District Court in North Carolina, for further remand to state court. In addition, the Bumpers plaintiffs continue to seek the establishment of a sub-class in this case. This conduct must be viewed as both sufficient specific minimum contacts, as well as implied consent to this court's jurisdiction.

Moreover, "[a] plaintiff class member who is afforded an opportunity to opt out, but who fails to exercise that option, may be deemed to have consented to jurisdiction." Id. at 199 (citing Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985)). As previously stated, the Bumpers plaintiffs are members of the conditionally certified class, yet have not exercised their right to opt out. This too must be viewed as implied consent to this court's jurisdiction. Therefore, upon consideration of all of these facts, we find that this court has personal jurisdiction over the Bumpers plaintiffs such that we can entertain the Settling Parties' request for an injunction against them and their counsel under the All Writs Act.

B. Bumpers Plaintiffs' Request for A Sub-Class

Before continuing with our analysis under the All Writs Act, we will address the Bumpers plaintiffs' ongoing contention that this court's failure to create a sub-class of North Carolina borrowers who seek to assert solely North Carolina state law claims was in contravention of the court of appeals' directive in In re Cmty. Bank of N. Virginia, 418 F.3d 277, 307 (3d Cir. 2005).[1] The

---

[1] Although the Bumpers plaintiffs have not expressly defined the sub-class they seek to represent, we gather, based on the substance of the Bumpers complaint, that the class would be comprised of North Carolina borrowers who obtained a second mortgage from Community Bank of Northern Virginia ("CBNV") and who seek to assert North Carolina state law claims against CBNV.

6

court of appeals' directive was made in the specific context of its stated concern that the named plaintiffs may not adequately represent all class members. Id. at 307, 310 The directive does not address, and certainly does not dispense with, this court's duty to ensure that it has subject matter jurisdiction over claims before it, and to ensure that all other requirements of Rule 23 are met by a proposed sub-class. We have not violated the court of appeals' directive because we do not have subject matter jurisdiction over the Bumpers plaintiffs' state law claims, and because the Bumpers plaintiffs cannot satisfy all the requirements of Rule 23.

A court must have subject matter jurisdiction over the claims to be asserted by a particular sub-class. Fed. R. Civ. P. 23, 82; In re Cmty. Bank, 418 F.3d at 293, 300. The Bumpers plaintiffs cannot dispute that this court lacks subject matter jurisdiction over the state law claims to be asserted by the proposed sub-class. Indeed, the Bumpers plaintiffs sought, and were granted, remand of their case asserting such state law claims to state court on this exact basis. See Memorandum and Order dated Jan. 22, 2008, [Civil Action 03-1380, Doc. No. 59]. Yet, the Bumpers plaintiffs seem to assume that this court's lack of subject matter jurisdiction over their state law claims is now of no consequence. The Bumpers plaintiffs would have this court create a sub-class of borrowers in this case for the sole purpose of

7

advancing North Carolina state law claims over which this court lacks subject matter jurisdiction.[2] They have identified no authority to support their request, nor has the court found any. We find no indication in the court of appeals' opinion that we are to ignore threshold requirements, such as subject matter jurisdiction, in moving forward with this case. <u>In re Cmty. Bank</u>, 418 F.3d at 303 n.17 (stating that the court of appeals did not reach the issue of the viability of state law claims).

However, even if the Bumpers plaintiffs could satisfy the subject matter jurisdiction requirement, which they cannot, they could not satisfy all the requirements of Rule 23. For instance, they could not satisfy the adequacy of representation requirement of Rule 23(a)(4). Their role as sub-class representatives is, at a minimum, imperiled by their pursuit of their individual lawsuit in North Carolina. Restated, we fail to understand how the Bumpers plaintiffs can serve as adequate sub-class representatives before this court when they are simultaneously prosecuting a competing lawsuit in North Carolina state court. The same holds true for their counsel.

---

[2] This analysis does not speak to whether the Bumpers plaintiffs can object to a proposed settlement on the ground that the named plaintiffs failed to adequately represent them.

8

C. <u>All Writs Act and the Anti-Injunction Act</u>

As we have stated, the Settling Parties seek an injunction under the All Writs Act, 28 U.S.C. § 1651. Because the Settling Parties have satisfied the jurisdictional prerequisites, we consider the propriety of entering the requested injunction. Upon consideration of the relevant factors, we find that an injunction is warranted, although not in the form requested by the Settling Parties.

The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act is limited, however, by the Anti-Injunction Act, 28 U.S.C. § 2283. The Anti-Injunction Act provides that "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; <u>In re Diet Drugs</u>, 282 F.3d 220, 233 (3d Cir. 2002).

Therefore, to the extent an order from a federal court has the effect of staying a state court's proceedings, it is prohibited by the Anti-Injunction Act, unless the order falls within one of the Act's three stated exceptions. <u>In re Diet Drugs</u>, 282 F.3d at 233. Here, the Settling Parties and the Bumpers

plaintiffs agree that the only relevant exception is whether the requested injunction is necessary in aid of this court's jurisdiction. In deciding whether this exception applies, a court is to consider the nature of the federal action, the extent to which the state court's activity presents a sufficient threat to the federal action, and principles of federalism and comity. Id. at 234.

As a general matter, the court of appeals has held that "[t]he exceptions in the Anti-Injunction Act are to be construed narrowly." Id. at 233. Thus, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." Id. (citations and internal quotations omitted). Nevertheless, "[a]n injunction may issue...where the state court action threatens to frustrate proceedings and disrupt the orderly resolution of the federal litigation." Id. at 234 (citations and internal quotations omitted).

In considering the nature of the federal action, the complexity of the action is especially relevant. The court of appeals emphasized that "[u]nder an appropriate set of facts, a federal court entertaining complex litigation, especially when it involves a substantial class of persons from multiple states, or represents a consolidation of cases from multiple districts, may

10

appropriately enjoin state court proceedings in order to protect its jurisdiction." Id. at 235. "[M]aintaining the federal court's flexibility and authority to decide such complex nationwide cases makes special demands on the court that may justify an injunction otherwise prohibited by the Anti-Injunction Act." Id.

Of particular relevance, and striking procedural similarity, to this case, the court of appeals stated that "[t]he threat to the federal court's jurisdiction posed by parallel state actions is particularly significant where there are conditional class certifications and impending settlements in federal actions." Id. at 236. "In complex cases where certification or settlement has received conditional approval...the challenges facing the overseeing court are such that it is likely that almost any parallel litigation in other fora presents a genuine threat to the jurisdiction of the federal court." Id. (citation omitted).

As in In re Diet Drugs, this is a complex multi-district litigation that has been pending for several years. The court has conditionally certified a class for settlement purposes, directed that notice be disseminated, set deadlines for opting out and objecting, and scheduled a final hearing. This complex case is nearing a final resolution, after many years, and much effort on the part of the court and the parties. As such, this federal action is especially susceptible to any actions by a state court that could affect the definition of a class, frustrate settlement,

11

or otherwise destroy the benefits of consolidation. Id. at 236. Therefore, the nature of the federal action weighs in favor of granting the requested injunction.

Next this court must assess "the character of the state court action" in order to "assess the level of interference with the federal action actually threatened by the state court proceeding." Id. at 237. All parties concede that the Bumpers putative class members are members of the nationwide settlement class. Accordingly, if the North Carolina action is permitted to proceed to class certification and notice, it will undoubtedly, as in In re Diet Drugs, "create confusion among those who were members of both the federal and the state classes." Id. at 238.

For instance, we have directed the nationwide settlement class members, through mail and publication notice, to contact appointed class counsel with any questions they might have about this case and their rights. If the North Carolina court were to direct the same individuals, as members of a newly defined North Carolina class, to contact different appointed class counsel, confusion and conflict would arise. This court will have told the class member to contact one counsel, while the North Carolina court will have told that same individual to contact another counsel. In addition, federal class counsel and North Carolina class counsel would represent conflicting interests, with one advocating participation in the federal case and the other advocating

participation in the state case. Each of these situations would interfere with this court's management of a complex case.

Similarly, we have preliminarily approved a settlement, which applies to the Bumpers plaintiffs, as members of the nationwide class. If the Bumpers plaintiffs pursue the North Carolina case, which has not been settled, at the same time, individuals who are members of both the nationwide class and the North Carolina class will be confused as to whether their claims have been settled, or not. For these reasons, among others, we find that continuation of the state court action, as a class action, would directly, and greatly, interfere with the federal action.

Although the order in which the federal and state cases were filed can be a relevant consideration under this second factor, we find that, in this case, it is not determinative. The North Carolina action was filed prior to the creation of this MDL case. However, the court of appeals has opined that the relative timing of the competing actions is not determinative if the actions taken in the state court establish that the state court action is being used as a "preemptive strike" against the federal action. In re Diet Drugs, 282 F.3d at 238. Here, there can be no doubt that if the Bumpers plaintiffs succeed and their North Carolina case is certified as a class action, the certification will have the practical, even if perhaps unintended, effect of interfering with

this court's administration of the settlement. As such, the state court action would operate as a preemptive strike against the federal court settlement. Therefore, the chronological order in which these cases were filed does not prevent us from entering an injunction to the extent it is otherwise appropriate and necessary.

We find that any action taken by the North Carolina court involving the certification of a class would present a sufficient threat to the final resolution of this federal case. Thus, this factor weighs in favor of granting the requested injunction.

Finally, we must ensure that any injunction is "consistent with considerations of federalism and comity." Id. at 239. Here, no individual who would qualify as a class member in North Carolina is barred from opting out of the class in this case and pursuing his individual claims in North Carolina. North Carolina residents retain the option to commence lawsuits in the forum of their choice. Nor are the Bumpers plaintiffs' counsel barred from communicating with absent North Carolina class members in a manner consistent with the court of appeals' opinion in In re Cmty. Bank, 418 F.3d at 310-14. Accordingly, this order does not "so much interfere with the state court proceeding as prevent state court interference with the federal proceeding." In re Diet Drugs, 282 F.3d at 239. Again, this factor weighs in favor of granting the requested injunction.

Even though we have determined that an injunction is justified, "[b]ecause an injunction must be <u>necessary</u> in aid of jurisdiction to fall under this [exception] to the Anti Injunction Act" this court must "carefully tailor [the] injunction[] to meet the needs of the case." <u>Id</u>. (emphasis in original). The duration of the injunction requested by the Settling Parties is appropriate. The proposed injunction is of a brief, and definite, duration. The Settling Parties have asked this court to stay the North Carolina action only until twenty (20) days after the end of the opt out period. Barring any delay in this court, the requested injunction would expire on or about July 7, 2008. However, the requested injunction is too broad in its scope. The Settling Parties have not identified any compelling reason why the Bumpers plaintiffs may not proceed with their action in North Carolina on an individual, as opposed to a representative, basis. Proceeding as such will eliminate the threat to this court's management of this complex class action. The court will tailor the injunction accordingly.

III. <u>CONCLUSION</u>

For the reasons set forth above, the Settling Parties' motion for an Injunction against Bumpers Plaintiffs' Litigation in North Carolina, [Doc. No. 305] will be granted in part and denied in part. The court will enjoin Travis Bumpers, Troy Elliott, and their counsel, from taking any action in furtherance of class

15

certification in the case captioned <u>Travis Bumpers v. Community Bank of Northern Virginia</u>, pending at 01 CVS 011342 in the General Court of Justice, Superior Division of Wake County, North Carolina until twenty (20) days after the end of the period established for class members to exclude themselves from the conditionally approved settlement in the above captioned action. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | MDL No. 1674 |
| ) | |
| COMMUNITY BANK OF NORTHERN ) | Civil Action No. 03-425 |
| VIRGINIA AND GUARANTY BANK ) | |
| SECOND MORTGAGE LITIGATION ) | |

ORDER

AND NOW, this 27th day of March, 2008, upon consideration of the Settling Parties' Motion For Injunction Against Bumpers Plaintiffs' Litigation in North Carolina, [Doc. No. 305], IT IS HEREBY ORDERED THAT the motion is GRANTED in part and DENIED in part as set forth below.

IT IS FURTHER ORDERED THAT Travis Bumpers, Troy Elliott, and their counsel, are HEREBY ENJOINED from taking any action in furtherance of class certification in the case captioned <u>Travis Bumpers v. Community Bank of Northern Virginia</u>, pending at 01 CVS 011342 in the General Court of Justice, Superior Division of Wake County, North Carolina until twenty (20) days after the end of the period established for class members to exclude themselves from the conditionally approved settlement in the above captioned action.

BY THE COURT:

/s/ Gary L. Lancaster, J

cc: All Counsel of Record