IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


IN RE:                                    )
                                          )   MDL No. 1674
COMMUNITY BANK OF NORTHERN                )   Case No. 03-0425
VIRGINIA AND GUARANTY BANK                )
SECOND MORTGAGE LITIGATION                )
                                          )


FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

WHEREAS plaintiffs and defendants entered into an agreement captioned "Modification No. 1 to Settlement Agreement and Release" dated July 28, 2006, [Doc. No. 225, Ex. 1], which reaffirmed, with the stated modifications, the "Settlement Agreement and Release," dated July 11, 2003 [Doc. No. 7](hereinafter collectively referred to as the "Settlement Agreement"); and

WHEREAS the court entered an order dated January 25, 2008, [Doc. No. 285], preliminarily certifying the class pursuant to Fed.R.Civ.P. 23 for settlement purposes; and

WHEREAS the court entered an order dated March 18, 2008, [Doc. No. 303], ordering individual and publication notice to potential class members, scheduling a final settlement hearing for June 20, 2008, and providing class members with an opportunity to exclude themselves or object to the settlement; and

WHEREAS the court held a final settlement hearing on June 30, 2008, to determine whether to give final approval to the

proposed settlement; and

WHEREAS the court has issued a memorandum contemporaneously herewith stating its reasons for granting final certification of the class and, <u>inter alia</u>, approving the settlement; and

Based upon the submissions of the parties and Class Members, and oral argument at the final settlement hearing, and for the reasons stated in the court's memorandum filed contemporaneously herewith it is hereby ORDERED on this 14th day of August, 2008, THAT:

    1. <u>Incorporation of Other Documents</u>: This order incorporates the following documents: (a) the Settlement Agreement and Release dated July 11, 2003 and filed with this court on July 14, 2003 [Doc. No. 7]; (b) Exhibit A to the Settlement Agreement; (c) Modification No. 1 to Settlement Agreement and Release dated July 28, 2006 [Doc. No. 225, Ex. 1] and all exhibits thereto; and (d) Exhibits 1, 2, and 3 to the Revised Joint Plan of Class Action Notice [Doc. No. 297]. Unless otherwise provided herein, all capitalized terms in this order shall have the same meaning as those same terms in the Settlement Agreement.

    2. <u>Jurisdiction</u>: Because adequate notice has been

sent to all Class Members and all Class Members have been given the opportunity to request exclusion from this Class, the court has personal jurisdiction over all Class Members. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1367, including, without limitation, jurisdiction to approve the proposed settlement, grant final certification of the Class, and dismiss the action on the merits and with prejudice.

3. <u>Final Class Certification</u>: The Class this court preliminarily certified is hereby finally certified under Fed.R.Civ.P. 23(a), (b)(3) and (c)(2). The court finds that the Class satisfies the requirements of Rule 23 and due process. The Class is all persons: (i) who entered into a loan agreement with CBNV and/or GNBT; (ii) whose loan was secured by a second mortgage deed or trust on property located in the United States; (iii) whose loan was purchased by RFC; and (iv) who were not members of the class certified in the action captioned <u>Baxter v. Guaranty National Bank</u>, et al., Case No. 01-CVS-009168, in the General Court of Justice, Superior Court Division of Wake

County, North Carolina. A list of those persons who have not excluded themselves from the Class and who are, therefore, Class Members, was filed by Class Counsel [Doc. No. 411].

4. <u>Adequacy of Representation</u>: The law firms of Carlson & Lynch LTD., and Richardson, Patrick, Westbrook and Brickman, LLC and named plaintiffs Brian and Carla Kessler, Ruth J. Davis, John and Rebecca Piccard, Nora Miller, William and Ellen Sabo, Robert and Rebecca Clark, Edward Kruska, Russell and Kathleen Ulrich, Thomas Mathis, Stephen and Amy Haney and Patrice Porco have fully and adequately represented the Class for purposes of entering into and implementing the Settlement in accordance with Fed.R.Civ.P. 23(a)(4).

5. <u>Class Notice</u>: The court finds that the Class Mail Notice and its distribution to the Class, and the publication of the Class Publication Notice, implemented pursuant to the Settlement Agreement, the Revised Joint Plan of Class Action Notice [Doc. No. 297], and this court's order: (a) constituted the best practicable notice to the Class members under the circumstances; (b) constituted notice that was reasonably calculated

to apprise Class Members of (i) the pendency of this action, (ii) their right to exclude themselves from the Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of Class Counsel's representation of the Class, the adequacy of the Named Plaintiffs representation of the Class, and/or the fees requested by Class Counsel), (iv) their right to appear personally or through counsel at the final settlement hearing if they did not exclude themselves from the Class, and (v) the binding effect of the Orders and Judgment in this action, whether favorable or unfavorable, on all persons who did not request exclusion from the class; (c) constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities entitled to notice; and (d) constituted notice that fully satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

6. <u>Final Settlement Approval</u>: The terms and provisions of the Settlement Agreement as defined above have been entered into in good faith and are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the parties and the Class Members. The parties and Class Members who have not timely excluded themselves from the Class are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

7. <u>Binding Effect</u>: The terms of the Settlement Agreement, this Order and the accompanying Final Judgment are binding on the Named Plaintiffs and all other Class Members, who have not timely excluded themselves from the Class, as well as their heirs, executors and administrators, successor and assigns, and those terms shall have <u>res judicata</u> and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent that those claims, lawsuits or other proceedings involve matters that were or could have been raised in this action or otherwise

encompassed by the Releases set forth in paragraph 6 of the Settlement Agreement.

8. <u>Releases</u>: The Named Plaintiffs and all Class Members shall be bound by the Releases provided in paragraph 6 of the Settlement Agreement, which is incorporated herein, regardless of whether such persons received any compensation under the Settlement Agreement. The Releases are effective as of the date of this Final Order and the accompanying Final Judgment. The court expressly adopts all defined terms in the Releases, including, but not limited to, the following definition of the claims subject to the Releases (set forth in paragraph 2.23 of the Settlement Agreement):

> "Settled Claims" means any and all claims, demands, actions, causes of action, right, offsets, suits, damages, lawsuits, liens, costs, losses, expenses or liabilities of any kind whatsoever, including monetary, injunctive or declaratory relief, or for the reimbursement of attorneys' fees, costs or expenses, whether known or unknown,

alleged or not alleged in the Litigation, suspected or unsuspected, contingent or vested, which the Named Plaintiffs or any member of the Plaintiff Class has had, now has, or may have in the future which were or could have been raised in the Litigation and which arise out of or are related in any way with CBNV's Second Mortgage Loan Program and/or GNB's Second Mortgage Loan Program, including, but not limited to, any claims arising out of the fees or interest rates charged in connection with CBNV's Second Mortgage Loan Program and/or GNB's Second Mortgage Loan Program, alleged representations, misrepresentations, disclosures, incorrect disclosures, failures to disclose, acts (legal or illegal), omissions, failures to act, deceptions, acts of unconscionability, acts of illegality, unfair business practices, breaches of contract, usury, unfulfilled promises, breaches of warranty and/or fiduciary duty, conspiracy, or violations

8

of any consumer protection statute, any applicable state unfair trade practice statute, or any other body of case or statutory law or regulation, federal or state, including, but not limited to, the Truth in Lending Act 15 U.S.C. § 1601 et seq., and its implementing regulation, 12 C.F.R. part 226; the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 et seq., and its implementing regulation, 12 C.F.R. part 226.31-32; the Real Estate Settlement Procedures Act 12 U.S.C. § 2601, and its implementing regulation, 24 C.F.R. part 3500; the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., and its implementing regulation, 12 C.F.R. part 202; the Home Mortgage Disclosure Act, 12 U.S.C. § 2801 et seq., and its implementing regulation, 12 C.F.R. part 203; the Fair Housing Act, 42 U.S.C. § 3601 et seq.; the Fair Credit Reporting Act, [15] U.S.C. § 1681, et seq.; the Fair Debt Collection Practices Act [15] U.S.C. § 1692, et seq.; and the

Federal Trade Commission Act, 15 U.S.C. § 45, et seq., and all claims for rescission or for general, special,, and punitive damages, as well as any and all claims for treble damages, penalties, attorneys' fees and costs of suit. Any claim arising out of future conduct, such as a failure to credit a future payment, are not released.

9. <u>Permanent Injunction</u>: Pursuant to the All-Writs Act, 28 U.S.C. § 1651(a) and the Anti-Injunction Act, 28 U.S.C. § 2283, and based on the court's familiarity with the issues in this action and the complexity of the nationwide class action settlement, the following permanent injunction is hereby issued;

> All Class Members are barred and enjoined from: (i) filing, commencing prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration or administrative, regulatory or other proceeding or order

in any jurisdiction based on, arising out of, or relating to the claims and causes of action in this Action and/or the Settled Claims; (ii) raising as a defense to any action brought against them for repayment of a loan any of the claims or causes of action in the Action and/or the Settled Claims; and (iii) organizing or soliciting the participation of any Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit or other proceeding based on, arising out of, or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Settled Claims.

The court finds that issuance of this permanent injunction is necessary and appropriate in aid of this court's jurisdiction over the action and to protect and effectuate the Final Order and

11

Judgment.

10. <u>Enforcement of Settlement</u>: Nothing in this Final Order and Accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

11. <u>Attorneys' Fees and Expenses, Incentive Awards</u>: No award of attorneys' fees, expenses or incentive payments is made at this time. The court retains jurisdiction to entertain such an award in the future as set forth in paragraph 13 below. Pursuant to Rule 54, the court orders that no motion for attorneys' fees, expenses, or incentive awards shall be made prior to fourteen (14) days after the expiration of the time for any party to file a notice of appeal. If an appeal is filed, the court orders that no motion for attorneys' fees, expenses, or incentive awards shall be made prior to fourteen (14) days after complete jurisdiction is re-vested in this court following the resolution of all such appeals. The motions relating to the issue of attorneys' fees, filed at Doc. Nos. 328 and 431, are DENIED, without prejudice.

12. <u>Modification of Settlement Agreement</u>: The parties

are hereby authorized, without needing further approval of the court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are consistent with this Final Order and do not limit the rights of Class Members under the Settlement Agreement.

13. <u>Retention of Jurisdiction</u>: The court has jurisdiction to enter this Final Order and the accompanying Final Judgment. The court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose including, without limitation: (a) enforcing the terms and the conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that in whole or in part, are related to or arise out of the Settlement Agreement, this Final Order or the accompanying Final Judgment (including, without limitation, whether a person is or is not a Class Member, whether claims or causes of action allegedly related to this case are or are not barred by this

Final Order and/or the accompanying Final Judgment); (b) entering such additional orders as may be necessary or appropriate to protect or effectuate the court's Final Order and the accompanying Final Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this Settlement; and (c) entering any other necessary or appropriate orders to protect and effectuate this court's continuing jurisdiction over this case.

14. <u>No Admissions</u>: Neither this Final Order and accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to here, nor any action taken to carry out this Order and Final Judgment) is, may be construed as, or may be used as an admission or concession by or against the Defendants or the Released Persons of the validity of any claim or any actual or potential fault, wrongdoing or liability. Entering into or carrying out the Settlement

14

Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession as to the Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and the accompanying Final Judgment and the Settlement Agreement; <u>provided however</u>, that this Final Order and the accompanying Final Judgment and the Settlement Agreement may be filed in any action by the Defendants or the Released Persons to support a defense of <u>res judicata</u>, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

15. <u>Dismissal of Action</u>: This Action, including all individual and Class claims resolved in it, is dismissed on the merits and with prejudice against Plaintiffs and all other Class Members, without

15

fees and costs to any party except as otherwise provided in this Order and the accompanying Final Judgment.

16. <u>Judgment</u>: Pursuant to Rule 58, the court will enter a separate Final Judgment.

IT IS FURTHER ORDERED THAT:

Doc. No. 331, Motion to Refer North Carolina Claims for Advisory Opinion, is DENIED;

Doc. Nos. 414 and 415, Motions to Strike or Exclude, are DENIED;

In accordance with paragraph 11 of this Order, Doc. Nos. 328 and 431, Motions with Respect to Attorneys Fees, are DENIED, without prejudice; and

In accordance with footnote 11 of this court's memorandum filed contemporaneously herewith, Doc. No. 419, Motion to Strike or Dismiss, is GRANTED.

BY THE COURT:

Gary L. Lancaster,
United States District Judge

cc: All Counsel of Record