IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA MORTGAGE LENDING PRACTICES LITIGATION | MDL NO. 1674<br><br>CASE NO. 03-0425<br>CASE NO. 02-1201<br>CASE NO. 05-0688<br>CASE NO. 05-1386<br><br>HON. GARY L. LANCASTER<br><br>FILED ELECTRONICALLY |

## CONFIDENTIALITY STIPULATION AND ORDER

The Court, with the consent of each of the Plaintiffs and the Defendants, PNC Bank, N.A. and Federal Deposit Insurance Corporation, in its capacity as Receiver for Guaranty National Bank of Tallahassee (collectively, the "Parties" and each a "Party"), who have stipulated to the terms hereof through their respective undersigned counsel, hereby orders as follows:

Pursuant to the Court's authority under FED. R. CIV. P. 26(c), and with the consent of the Parties, the Court enters this Confidentiality Stipulation and Order (the "Order"), with the intent that it supersede all prior confidentiality orders entered in these Consolidated Actions, in order to expedite the flow of Discovery Materials, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled. It is anticipated that Discovery Materials in this litigation will contain confidential personal and financial information, and no public interest is served by the public disclosure of such information. While sharing of the materials will promote fairness and efficiency within the context of the instant lawsuit, entry of this Order works no articulable harm to the interests of public health and safety or the right of the public to

1

access information concerning judicial proceedings. *Cf. Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-89 (3d Cir. 1994). Accordingly, **IT IS HEREBY STIPULATED this 24th day of September, 2012, that**:

1. **"Confidential" Documents, Information and Testimony.** This Order shall govern the treatment of all documents, information and deposition testimony, including, but not limited to, initial disclosures, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition exhibits, and all or portions of deposition transcripts (collectively, "Discovery Materials") produced, received, given or taken by Plaintiffs, their attorneys, consultants, agents, employees and representatives, by Defendants, their attorneys, consultants, agents, employees and representatives, and/or by other third patties in response to discovery requests or a subpoena. The word "document" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

2. **"CONFIDENTIAL MATERIALS"** shall be the Discovery Materials respectively designated under this Order and any notes, work papers, or other documents respectively containing "CONFIDENTIAL MATERIALS" derived from such items. Any Party or third party may designate Discovery Materials as "CONFIDENTIAL MATERIALS" to the extent that the Party or third party believes such Discovery Materials are confidential because they contain or include: (a) competitively sensitive business or technical information; (b) trade secrets; (c) proprietary business methods or practices; (d) any other sensitive confidential information; (e) Non-public Personal Information as defined herein; (f) personal financial information about customers or applicants, any party to this lawsuit, or an employee of any party to this lawsuit; (g) information regarding any person's (including without limitations the named Plaintiffs or putative class members) banking or lending relationships, including, without

limitation, information regarding any individual's mortgage or credit history and/or personal financial information not otherwise available to the public; (h) Confidential Bank Information, as defined herein; and (i) Confidential Supervisory Information, as defined herein.

The reference to the above-identified Confidential Materials in this definition does not mean that the Parties have stipulated to the discovery and production of such materials, and each Party retains the right to assert objections to the discovery and production of Confidential Materials, as defined in this Stipulation and Order (including, without limitation, Confidential Bank Information, Confidential Supervisory Information and Nonpublic Personal Information, as defined below), and to assert any and all privileges with respect thereto.

3. **"Confidential Bank Information"** means any information the disclosure of which is prohibited or limited in accordance with applicable federal or state banking privileges, regulations, or laws.

4. **"Confidential Supervisory Information"** includes, but is not limited to, Unpublished OTS Information as described in 12 C.F.R. § 510.5, confidential supervisory information of the Board of Governors of the Federal Reserve System as set forth in 12 C.F.R. § 261.2(c), non-public information of the Office of the Comptroller of the Currency as set forth in 12 C.F.R. § 4.32(b), and exempt information of the Federal Deposit Insurance Corporation as set forth in 12 C.F.R. § 309.6, and includes, but is not limited to, records concerning supervision, regulation, and examination of banks, savings associations, their holding companies and affiliates, and records compiled in connection with the enforcement responsibilities of federal financial regulatory agencies. Confidential Supervisory Information also includes information that current and former employees, officers, and agents of federal financial regulatory agencies obtained in their official capacities. Confidential Supervisory Information shall be deemed to

include all copies, abstracts, excerpts, analyses, or other writings or documents that contain, reflect, or disclose Confidential Supervisory Information.

5. **"Nonpublic Personal Information"** includes, but is not limited to, non-public personally identifiable information pertaining to individual borrowers, as well as information that constitutes "nonpublic personal information" within the meaning of the Gramm Leach Bliley Act, 15 U.S.C. § 6801, *et seq.* and its implementing regulations, including, but not limited to, any portion of a file related to the origination or servicing of home loans or other document which includes personally identifiable financial and/or credit information pertaining to individual borrowers - including any credit history, report or score obtained on any such borrower to determine the individual's eligibility for credit - names, addresses, Social Security numbers, credit card and debit card account numbers, loan numbers, bank account numbers, state identification card number, driver's license number, date of birth, telephone numbers, and places or positions of work.

6. **Identifying and Designating Discovery Materials as "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL."** Any Party or third party may identify any Discovery Materials as "CONFIDENTIAL MATERIALS" and designate the Discovery Materials as such, prior to production, by affixing thereto a legend of "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" or by designating through another method set forth in this Order or agreed to by the Parties. If a Party or third party designates Discovery Materials produced by another Party or third party as "CONFIDENTIAL MATERIALS," that Party or third party must inform all other Parties in writing within twenty (20) days after receiving such Discovery Materials. All Discovery Materials produced by third parties shall be treated as confidential in accordance with the provisions of this Order until twenty (20) days after all Parties have received the Discovery

Materials. After twenty (20) days, only those Discovery Materials specifically designated "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" shall be so treated.

7. **Inadvertent Disclosure**. The Parties shall make every reasonable effort to mark all Discovery Materials deemed confidential as "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL," but the mistaken or inadvertent failure to mark such Discovery Materials shall not exempt it from the provisions of this Order. Notwithstanding any other provision of this Stipulation and Order, if a producing person discovers that Discovery Materials previously produced were not properly designated, that producing person shall give written notice thereof and identify the Discovery Materials it intends to designate as "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL," which Discovery Materials shall thereafter be treated as confidential in accordance with the provisions of this Order to the same extent as if the inadvertent disclosure had not occurred so long as there is reasonable notice to the other party of the inadvertent disclosure.

8. **Scope of "CONFIDENTIAL" Designation**. The special treatment accorded to Discovery Materials designated "CONFIDENTIAL MATERIALS" under this Order shall reach:

a. All documents previously or hereafter designated "Confidential Materials;"

b. All copies, extracts, and complete or partial summaries prepared from such documents;

c. Any deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents, copies, extracts or summaries; and

d. Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or exhibit thereto, that discusses or refers to such documents, copies, extracts or summaries.

9. **Disputing a Designation of Discovery Materials as "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL."** If at any time a Party has a good faith basis to dispute a designation of Discovery Materials as "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL," such Party shall notify the designating party of such dispute in writing, identifying the Discovery Materials in dispute and the nature of the dispute. The designating party must respond in writing within ten (10) days of receiving the notification. If the Parties are unable to amicably resolve the dispute, the Party disputing the designation or confidentiality may apply by motion to the Court for a ruling as to whether the designated Discovery Materials should be treated as confidential in accordance with this Order, provided such motion is made within twenty (20) days from the date on which the Parties, after good faith attempt, cannot resolve the dispute or such other time period as the Parties may agree. In connection with any such motion, the Party that designated the document as "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" shall have the burden of persuasion.

10. **Restrictions on Disclosures of "CONFIDENTIAL MATERIALS."** Except with the prior written consent of all Parties and third parties asserting confidential treatment, Discovery Materials designated "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" and all information contained therein or derived therefrom, may not be disclosed to any person, other than the following "Qualified Persons":

a. The Parties to this action, their current personnel, and counsel for the Parties to this action (including members of such counsel's staff, such as secretaries, paralegal

assistants, and other employees or contractors who are assisting in the prosecution and/or defense of this action);

        b.      Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witness to testify concerning this case or to question the witness about knowledge he or she might have which is pertinent to the case;

        c.      Outside consultants and experts retained by the Parties and/or counsel for the Parties for the sole purpose of assisting the Parties and/or counsel for the Parties in the prosecution and/or defense of this action;

        d.      The persons who authored the "CONFIDENTIAL MATERIALS" or who received them in the ordinary course of business;

        e.      Any court reporter or typist rendering services for recording or transcribing of testimony in this action or any outside independent reproduction firm or any technical or technology services firm rendering services for a Party in this action, but only to the extent necessary for such services to be provided; and

        f.      The Court and its personnel, in connection with this proceeding, provided that all such Confidential Materials are offered to the Court under seal, and redacted to remove Nonpublic Personal Information, if not accepted or retained under seal.

11.      **Certification of Compliance**. Except for the undersigned counsel and court personnel, no person authorized under the terms of this Order to receive access to "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL" Discovery Materials shall be granted access to them until such person has read this Order and agrees in writing to be bound by it per the form attached hereto as Exhibit A. Upon order of this Court, for good cause shown,

these written agreements (Exhibit A) shall be available for inspection by counsel for the Parties or third parties.

12. **Notice of Breach**. It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach.

13. **Use of Discovery Materials marked "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" at Depositions**. Discovery Materials designated "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" and all information contained therein or derived therefrom, may be used or referred to at depositions, or marked as deposition exhibits, in accordance with the provisions of this Order. Any Discovery Materials marked "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" that are used as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a Party uses or refers to Discovery Materials marked "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" at a deposition, the portion of the deposition transcript that relates to such Discovery Materials shall be stamped "CONFIDENTIAL" and sealed separately from the remainder of the transcript, and shall be treated as confidential under the provisions of this Order.

14. **Designating Portions of Deposition Transcripts "CONFIDENTIAL."** At the deposition, the Parties will attempt in good faith to preliminarily identify and designate "CONFIDENTIAL" testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Any Party or third party may, within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL." Confidential deposition

testimony or exhibits may be so designated by stamping the exhibits "CONFIDENTIAL," or by underlining the portions of the pages that are confidential and stamping such pages "CONFIDENTIAL." Deposition exhibits previously designated as "CONFIDENTIAL" do not need to be redesignated. If no party or third party timely designates testimony or exhibits from a deposition as being "CONFIDENTIAL," none of the deposition testimony or exhibits will be treated as such. If a timely "CONFIDENTIAL" designation is made, the confidential portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and shall be treated as "CONFIDENTIAL" under the provisions of this Order.

15. **Use of Discovery Materials marked "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" in Papers Filed With the Court.** Discovery Materials marked "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL," and all information contained therein or derived therefrom, may be, subject to the provisions of this Order or any further order regarding confidentiality as this Court may enter, discussed or referred to in pleadings, exhibits and/or other submissions filed with the Court ("Confidential Court submissions"). In the event of such use, the filing party shall, prior to or contemporaneously with the filing, seek leave to file the Confidential Court submissions under seal, including a clear statement of the facts justifying a seal. In the event the Court approves the stipulation or motion, the filing party shall file the Confidential Court submissions under seal. The Confidential Court submissions shall be maintained under seal by the Clerk, absent further order of the Court modifying this directive and then only after such submissions are redacted to remove Nonpublic Personal Information. The party filing the Confidential Court submissions shall serve copies thereof on opposing counsel enclosed in a separately sealed envelope marked "Confidential Materials Submitted Under Seal" and served by first class mail, postage prepaid, overnight delivery courier or hand-delivery. Such

Confidential Court submissions shall not be electronically filed, but shall be provided to the Court in a separately sealed envelope marked "Confidential Materials Submitted Under Seal" sent by first class mail, overnight delivery courier or hand-delivery to the Court Clerk of the Judge presiding over these actions. Redacted copies of Confidential Court submissions shall be filed electronically with the Court and served upon counsel for the parties by ECF.

16. **Litigation Use Only**. All Discovery Materials marked "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL," whether produced by a Party or third party, and whether produced pursuant to FED. R. CIV. P. 34, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

17. **Termination and Return of Documents**. The provisions of this Order shall continue to apply to all "CONFIDENTIAL MATERIALS" after this action has been terminated. Within ninety (90) days of the final determination of this action, including all appeals, any person, except the Court and its personnel, who is in possession of "CONFIDENTIAL MATERIALS", including copies, extracts and summaries thereof, shall certify in writing to the producing party that all such "CONFIDENTIAL MATERIALS" have been either returned to the producing party or destroyed, except that counsel for each Party may maintain in its files one copy of each pleading or other paper filed with the Court. Work product and attorney client privileged material are exempt from this provision. The producing party agrees to make "CONFIDENTIAL MATERIALS" available to the opposing counsel if requested for the purpose of establishing a claim or defense on behalf of the counsel in a controversy between counsel and

the party, to establish a defense to a criminal charge or civil claim against counsel based upon conduct in which the party was involved, to respond to allegations in any proceeding concerning the counsel's representation of the party, or pursuant to court order.

18. **Modification**. This Order may be modified by the Court upon stipulation of the Parties or on the motion of any party. This Order shall remain in effect after the termination of this litigation by final judgment, dismissal or otherwise.

19. **No Admissions/Waivers**. Nothing contained in this Order, nor any action taken in compliance with it, shall:

   a. Operate as an admission by any party that any particular document or information is, or is not, confidential;

   b. Operate as an admission by any party that any particular document is, or is not, relevant, subject to discovery or admissible as evidence in this action;

   c. Constitute a waiver by any party of any right to object to or seek further protective orders with respect to any request for Discovery Materials; or

   d. Constitute a waiver by the any party of any claim of immunity, privilege, or other legal protection with respect to any Discovery Materials.

20. **Interim Protection**. "CONFIDENTIAL MATERIALS" produced by any party or third party through discovery in this action prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if the Order had been entered by the Court, unless the Court otherwise directs.

21. **Clawback of Protected or Erroneously Produced Documents**. Pursuant to Fed. R. Evid. 502(d), if a Party (hereinafter, "Producing Party") at any time notifies any other Party (hereinafter, "Receiving Party") that the Producing Party, for any reason, disclosed documents,

testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure, pursuant to Rule 502(d), shall not be deemed a waiver in this litigation or in any other proceeding, including in Federal or State proceedings, of the applicable privilege or protection.

The Receiving Party shall upon request immediately return to the Producing Party or destroy all summaries or copies of such documents, testimony, information, and/or things, shall provide a certification of counsel that all such disclosed materials have been returned or destroyed, and shall not use such items for any purpose until further order of the Court. In all events, such return or destruction and certification must occur within five (5) business days of receipt of the request. Within ten (10) business days of the notification that the disclosed materials have been returned or destroyed, the Producing Party shall produce a privilege log with respect to the disclosed materials. The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party cannot assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced. Alleged privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status. Nothing in this Stipulation and Order shall affect any Party's right to withhold from disclosure documents or information that are privileged or otherwise protected from disclosure.

22. **Disclosure of Nonpublic Personal Information**. To the extent any federal or state law or other legal authority governing the disclosure or use of Nonpublic Personal

Information (hereinafter, "Nonpublic Personal Information Law") permits disclosure of such information pursuant to an order of a court, this Stipulation and Order shall constitute compliance with such requirement. To the extent any Nonpublic Personal Information Law requires a Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Nonpublic Personal Information, the Court finds that, in view of the protections provided for the information disclosed in this Stipulation and Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Stipulation and Order shall constitute an express direction that the Party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Nonpublic Personal Information. To the extent that any Nonpublic Personal Information Law requires that any person or entity be notified prior to disclosure of Nonpublic Personal Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Stipulation and Order, the volume of documents to be produced and the ongoing oversight of the Court, the parties are explicitly prohibited from providing such notice; provided, however, that this Stipulation and Order shall not prohibit either Party from contacting any person or entity for any other purpose. Any Producing Party may seek additional orders from this Court that such Party believes may be necessary to comply with any Nonpublic Personal Information Law.

23. **Subpoenas Seeking Confidential Information**. If any Party or its representative that has obtained Confidential Information under the terms of this Stipulation receives a subpoena or other legal process commanding the production of any such documents or information (the "Subpoena"), such Party shall promptly notify the Party that designated the

information or documents as Confidential Information of the service of the Subpoena. The Party or its representative receiving the Subpoena shall not produce any Confidential Information in response to the Subpoena without either the prior written consent of the Party that designated the documents or information as Confidential Information, or the relevant federal financial regulatory agency as to any Confidential Supervisory Information, or an order of a court of competent jurisdiction. The Party that designated such Confidential Information shall have the burden of seeking a court order relieving the subpoenaed Party of the obligations of the Subpoena prior to the return date of such Subpoena, or the subpoenaed Party (or its representative) shall be relieved of its obligations under this paragraph.

24. **No Bar Against Seeking Further Protection.** Nothing in this Stipulation shall be construed as preventing any Party from seeking further protection from the Court for any materials produced during discovery.

25. **Application to Third Parties.** The provisions of this Order shall be available for application to third parties who are required to produce Discovery Materials in response to a subpoena, request, demand, or other legal process and who, in good faith, believe that such Discovery Materials contain CONFIDENTIAL MATERIALS.

26. **Notice.** Any notice to a producing person required to be given under this Order shall be provided by e-mail and overnight delivery as follows: (a) where the producing person is a Party, to the undersigned counsel for the producing person; (b) where the producing person is a third party, to the producing person or their designated representative.

27. **Binding Effect.** This Stipulation shall bind the Parties and any person who executes an Acknowledgement Form. The Parties understand that they will jointly seek an order

from the Court approving the Stipulation and implementing its terms. Any breach of this Stipulation thereafter shall be subject to remedies for violations of a court order.

SO STIPULATED AND AGREED by the Parties, through their respective counsel, as of this 24th day of September, 2012.

**RESPECTFULLY SUBMITTED:**

**Attorneys For The Plaintiffs**

By */s/ R. Bruce Carlson*
*Interim Class Counsel for*
R. Bruce Carlson (PA ID #56657)
Gary Lynch (PA ID # 56887)
Stephanie K. Goldin (PA ID # 202865)
CARLSON LYNCH LTD.
P.O. Box 367
231 Melville Lane
Sewickley, PA 15143
(412) 749-1677

Daniel O. Myers
The Law Offices of Daniel O. Myers
Queenborough Blvd. Ste. 1037 Chuck Dawley Boulevard
Mt. Pleasant, SC 29464
(843) 654-7440
Email: dmyers@domlawoffice.com

A. Hoyt Rowell
Robert S. Wood
Richardson, Patrick, Westbrook & Brickman
1037 Chuck Dawley Boulevard
Building A
Mt. Pleasant, SC 29464
(843) 727-6500
Email: hrowell@rpwb.com
Email: bwood@rpwb.com

**Attorneys For The Plaintiffs (continued)**

Scott C. Borison
Legg Law Firm
5500 Buckstown Pike
Frederick, MD 21703
(301) 620-1016
Email: borison@legglaw.com

By */s/ R. Frederick Walters*
*Interim Class Counsel for*
R. Frederick Walters
J. Michael Vaughan
David M. Skeens
Garrett M. Hodes
WALTERS BENDER STROHBEHN & VAUGHAN, P.C.
2500 City Center Square
12th & Baltimore
P.O. Box 26188
Kansas City, MO 64196
(816) 421-6620

Franklin R. Nix
1020 Foxcroft Road, NW
Atlanta, GA 30327-2624
(404) 261-9759
Email: nixfr@aol.com

Michael E. McCarthy
2500 Lawyers Building
Pittsburgh, PA 15219
(412) 281-1288
Email: seabeenc8@comcast.net

Knox McLaney, Esq.
MCLANEY & ASSOCIATES, P.C.
P.O. Box 4276
Montgomery, AL 36104
(334) 265-1282

| Attorneys for Defendant PNC Bank, N.A. | Attorneys for Defendant, Federal Deposit Insurance Corporation, As Receiver for Guaranty National Bank of Tallahassee |
|---|---|
| /s/ Darryl J. May<br>Darryl J. May, Esquire<br>/s/ Joel E. Tasca<br>Joel E. Tasca, Esquire<br>BALLARD SPAHR LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>(215) 665-8500<br>Email: May@ballardspahr.com<br>Email: tasca@ballardspahr.com | /s/ Virginia W. Barnhart<br>Virginia W. Barnhart, Esquire<br>TREANOR POPE & HUGHES, P.A.<br>29 W. Susquehanna Ave., Ste. 110<br>Towson, MD 21204<br>(410) 494-7777<br>Email: vwbarnhart@tph-law.com |

SO ORDERED, this 26th day of September, 2012.

_____, C.J.