IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL NO. 1674<br><br>CASE NO. 03-0425, and<br>CASE NO. 05-0688<br><br>Hon. Arthur J. Schwab<br><br>ELECTRONICALLY FILED |

## STIPULATION OF PARTIES
## TO FILE CONFIDENTIAL DISCOVERY MATERIALS UNDER SEAL

Pursuant to the September 26, 2012 Confidentiality Stipulation and Order (Doc. No. 587) (the "Confidentiality Order"), Plaintiffs, on behalf of the General Class and each of the Sub-Classes, and Defendant PNC Bank, National Association (collectively "the Parties") AGREE and STIPULATE as follows:

1. The Confidentiality Order entered by Judge Lancaster in this action provides that a filing party using confidential discovery materials shall, prior to or contemporaneously with the filing, seek leave, via stipulation or motion, to file any confidential discovery materials under seal.

2. Plaintiffs will file on May 13, 2016 Plaintiffs' Memorandum in Opposition to Motion of Defendant PNC Bank, National Association for Summary Judgment and Plaintiffs' Memorandum in Opposition to Motion of Defendant PNC Bank, National Association to Decertify Class with Plaintiffs' Concise Statement of Additional Material Facts and an Appendix containing certain confidential discovery materials (the "Confidential Items"). The Confidential Items consist of charts summarizing data contained in or derived from the available loan files for the 26,000 plus class members, the remaining named Plaintiffs' loan files, deposition transcripts of the named Plaintiffs, confidential state and federal regulatory materials, and various other documents produced

during the course of this litigation that were stamped confidential pursuant to the Confidentiality Order.

3. The Parties have concerns relating to the potential inadvertent disclosure of social security numbers or other personally identifiable information set forth in the Plaintiffs' loan files and summaries. In addition, Plaintiffs' counsel is concerned with the potential inadvertent disclosure of any personally identifying or other sensitive information that may have been discussed or referred to in the deposition transcripts taken in this case, which are also included in the Appendix. Therefore, at this juncture, the Parties have also agreed to include the named Plaintiffs' deposition transcripts in the Confidential Items to be filed under seal.[1]

4. The Parties also have concerns relating to certain confidential state and federal regulatory materials, as well as various other confidential materials produced during the course of this litigation, and for which the Parties are obligated to maintain confidentiality pursuant to the Confidentiality Order.

5. This Honorable Court has the authority to permit parties to file such confidential and personally sensitive information under seal for good cause shown pursuant to Federal Rule of Civil Procedure 5.2(d) and the terms of the Confidentiality Order.

6. Furthermore, this Court's supervisory power over its own records and files allows it such discretion to seal the record in appropriate circumstances. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *Zurich American Ins. Co. v. Rite Aid Corp.* 345 F.Supp.2d 497, 500 (E.D. Pa. 2004). *See also Century Indem. Co. v Certain Underwriters at Lloyd's London,* 592 F.Supp.2d 825, 827 (E.D. Pa. 2009) (sealing judicial records is within the sound discretion of the district court.)

---

[1] However, the Parties agree that non-confidential portions of the deposition transcripts may still be cited in the Parties' respective briefing without redaction.


7. The factors to consider before restricting public access to documents include (1) whether disclosure violates any privacy interests; (2) whether disclosure will cause a party embarrassment; (3) whether the information is related to public health and safety; (4) whether disclosure will promote "fairness and efficiency"; (5) whether the party benefitting from the documents being sealed is a public entity or official; and (6) whether the case involves important public issues. *Century Indem.*, 592 F.Supp.2d at 827-828.

8. All these factors weigh in favor of permitting the Parties to file the Confidential Items under seal in these proceedings. The Parties include private individuals who agree that the requested relief is appropriate under the circumstances and would facilitate the ability to appropriately litigate this matter. There is no legitimate public interest in such confidential and sensitive personal information and such information does not affect public health or safety. Furthermore, disclosure of the Confidential Items will not promote fairness or efficiency, nor does this case involve any public issues which would be affected by non-disclosure.

9. A complete copy of the Plaintiffs' Concise Statement of Additional Material Facts and Appendix, including the Confidential Items, shall be provided to the Court, the Special Master approved in this case and Defendant's counsel.

10. The Parties respectfully seek permission for Plaintiffs to file the Confidential Items under seal by electronically filing redacted slip sheets of the Confidential Items and by submitting an unredacted PDF and paper versions to the Clerk's Office via US mail.

Dated: May 12, 2016

By: /s/ Joseph F. McDonough
Joseph F. McDonough
joseph.mcdonough@bipc.com
Kevin P. Lucas
kevin.lucas@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
(412) 562-8847
(412) 562-1041 (Facsimile)

Respectfully submitted:

By: /s/ R. Frederick Walters
R. Frederick Walters
J. Michael Vaughan
David M. Skeens
Garrett M. Hodes
WALTERS BENDER STROHBEHN &
VAUGHAN, P.C.
–Co-Lead Class Counsel
2500 City Center Square
1100 Main
Kansas City, Missouri 64105
(816) 421-6620
(816) 421-4747 (Facsimile)
fwalters@wbsvlaw.com
dskeens@wbsvlaw.com

Martin C. Bryce, Jr.
bryce@ballardspahr.com
Joel E. Tasca
tasca@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500
(215) 864-8999 (Facsimile)

R. Bruce Carlson
Edwin J. Kilpela, Jr.
CARLSON LYNCH SWEET &
KILPELA, LLP
–Co-Lead Class Counsel
1133 Penn Ave., 5th Floor
Pittsburgh, Pennsylvania 15222
(412) 322-9243
(412) 231-0246 (Facsimile)
bcarlson@carlsonlynch.com
ekilpela@carlsonlynch.com

*Counsel for Defendant,*
*PNC Bank, National Association*

*Counsel for Plaintiffs and Class Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Motion was served upon all counsel of record by the Court's ECF Filing System this 12th day of May, 2016.

/s/ R. Frederick Walters