IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA SECOND MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1674<br><br>Case No. 03-0425<br>Case No. 05-0688<br><br>Hon. Arthur J. Schwab<br><br>THIS DOCUMENT RELATES TO ALL MDL ACTIONS |

## ORDER GRANTING MOTION FOR
## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, Plaintiffs have filed an unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion") (doc. no. 759), requesting an Order preliminarily approving the Parties' settlement of this MDL Litigation pursuant to the procedure outlined in the Settlement Agreement ("Agreement") (attached to the Motion as Exhibit 1) (doc. no. 759-1), and for approval of the proposed Notice of Class Action Settlement and Settlement Hearing to the Class ("Notice,") (attached to the Motion as Exhibit 2) (doc. no. 759-2), which was superseded by a Revised Notice of Class Action Settlement and Settlement Hearing to the Class ("Revised Notice") (doc. no. 761);

WHEREAS, the Court has previously certified for litigation purposes a General Class and five Sub-Classes in this matter (collectively the "Settlement Class"), as defined in full below;

WHEREAS, on agreement of the parties, the Court has appointed three neutral panelists (the "ADR Panel"), two of whom are prominent, nationally recognized trial attorneys and one of whom is a former United States District Court Judge, from suggestions submitted by the parties, to consider the evidence and arguments of the parties, to determine the final settlement amount;

1

WHEREAS, the Court has considered the Motion, Memorandum in Support, the Agreement, the proposed Notice, and the Revised Notice, and is thus fully apprised of the relevant facts and law;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Agreement and the terms and procedures set forth therein, subject to further consideration at the Final Approval Hearing provided for below. The class settlement terms and procedures described in the Agreement are fair, adequate, reasonable, and within the range of possible approval such that the Revised Notice should be distributed to the Class Members. The Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular. These negotiations were facilitated through multiple sessions with appointed mediator Dan Sandman, as well as a final session conducted by the undersigned at the request and agreement of the parties.

2. The Settlement Class, which was previously certified by this Court, is defined as follows:

GENERAL CLASS:

> All persons nationwide who obtained a second or subordinate, residential, federally related, non purchase money, mortgage loan from CBNV that was secured by residential real property used by the Class Members as their principal dwelling, for the period May 1998-December 2002.

SUB-CLASSES:

> Sub-Class 1: (RESPA ABA Disclosure Sub-Class) – All persons nationwide who obtained a second or subordinate, residential, federally related, non purchase money, mortgage loan from CBNV that was secured by residential real property used by the Class Members as their principal dwelling for the period May 1998-October 1998.

> Sub-Class 2: (RESPA Kickback Sub-Class) – All persons nationwide who obtained a second or subordinate, residential, federally related, non purchase money, mortgage loan from CBNV that was secured by residential real property used by the Class Members as their principal dwelling for the period October 1998-November 1999.
>
> Sub-Class 3: (TILA/HOEPA Non-Equitable Tolling Sub-Class) – All persons nationwide who obtained a second or subordinate, residential, federally related, non purchase money, mortgage loan from CBNV that was secured by residential real property used by the Class Members as their principal dwelling for the period May 1, 2000-December 2002.
>
> Sub-Class 4: (TILA/HOEPA Equitable Tolling Sub-Class) – All persons nationwide who obtained a second or subordinate, residential, federally related, non purchase money, mortgage loan from CBNV that was secured by residential real property used by the Class Members as their principal dwelling for the period May 1998-April 30, 2000.
>
> Sub-Class 5: (RICO Sub-Class) – All persons nationwide who obtained a second or subordinate, residential, federally related, non purchase money, mortgage loan from CBNV that was secured by residential real property used by the Class Members as their principal dwelling for the period May 1998-December 2002.

3. A hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on December 13, 2016, at 9 a.m., in Courtroom 7C of the U.S. District Court, 700 Grant St., Pittsburgh, Pennsylvania (the "Final Approval Hearing."). At the Final Approval Hearing, the Court will hear arguments concerning whether the proposed Settlement of the MDL Litigation on the terms and ADR procedure provided for in the Agreement is fair, reasonable, and adequate and should be granted final approval by the Court.

4. The Court approves, as to form and content, the proposed Revised Notice, and finds that the distribution of the Revised Notice by direct mail to the last known addresses of Class Members, in conjunction with publication on the websites of Co-Lead Class Counsel, meets the requirements of federal law and due process, and is the best notice practicable under

the circumstances as required by Federal Rule 23(c)(2) and (e) and shall constitute due and sufficient notice to all individuals entitled thereto.

5. Requests for exclusion from the Settlement ("Opt-Out") must be mailed to Class Counsel at either of the following addresses and postmarked no later than November 23, 2016:

> Carlson Lynch Sweet, Kilpela & Carpenter, LLP
> Re: *In re CBNV Second Mortgage Lending Practices Litigation*
> 1133 Penn Avenue
> Fifth Floor
> Pittsburgh, Pennsylvania 15222
>
> or
>
> Walters Bender Strohbehn & Vaughan, P.C.
> Re: *In re CBNV Second Mortgage Lending Practices Litigation*
> 2500 City Center Square
> 1100 Main Street
> Kansas City, Missouri 64105

All Class Members who fail to exercise their right to Opt-Out of the Settlement by following the procedures described above and more fully in the Revised Notice shall be bound by all future determinations of this Court regarding final approval of the Settlement and shall be bound by the ADR Panel's determinations of the final settlement amount, the allocation of the final settlement amount between the Sub-Classes, the incentive awards to be paid to the class representatives out of the final settlement amount, and the amount of attorneys' fees and expenses to be paid out of the final settlement amount. No party shall have the right to appeal the determinations of the ADR Panel on these matters.

6. Any Class Member may enter an appearance in the MDL Litigation, at his or her own expense, individually or through counsel of their own choice, but must do so by November 23, 2016. Any Class Member who does not enter an appearance or Opt-Out of the Settlement Class by that date will be represented by Co-Lead Class Counsel.

7. Any Class Member may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed Settlement of the MDL Litigation should or should not be approved as fair, reasonable, and adequate, or why attorneys' fees and expenses should or should not be awarded to Class Counsel or an incentive award awarded to the class representatives; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and procedures of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, an incentive award awarded to the class representatives, or attorneys' fees and costs awarded to Class Counsel, unless that Class Member has, no later than November 23, 2016, followed the procedures for Objections as described fully in the Revised Notice and summarized below.

8. Objections must be postmarked no later than November 23, 2016, and be mailed to the Clerk of Court, U.S. District Court for the Western District of Pennsylvania, 700 Grant Street, Pittsburgh, PA with an instruction to the Clerk of Court that your objection be entered on the docket. The objections must reference the case "*In re Community Bank of Northern Virginia Second Mortgage Lending Practices Litigation*, MDL No. 1674." The Objections must include the objecting Class Member's name, address, telephone number, signature, and the reasons for the objection.

9. All timely filed and served Objections shall be considered and ruled upon by the Court at the Final Approval Hearing. Any Class Member who does not timely file and serve his or her Objection in the manner provided in the Revised Notice shall be deemed to have waived such Objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement procedures in the Agreement, including the determination of the final settlement amount by the ADR Panel; the allocation of the final settlement amount

between the Sub-Classes as determined by the ADR Panel; the award of incentive payments to the class representatives, as determined by the ADR Panel; and any award of attorneys' fees and costs awarded to Class Counsel by the ADR Panel.

10. Class Counsel shall file their application for an award of attorneys' fees and expenses prior to the Final Approval Hearing, as well as any motion for incentive award payments to the class representatives, and the Court shall determine the amounts these awards shall not unreasonably exceed, with the specific determination of all such awards to be made by ADR Panel after the completion of the ADR.

11. All papers in support of final approval of the Settlement shall be filed and served no later than seven (7) days prior to the Final Approval Hearing.

12. The Parties shall be authorized to make non-material changes to the Class Mail Notice so long as Class Counsel and Counsel for Settling Defendant agrees and one of the Parties files a notice thereof with the Court prior to the Fairness Hearing. Neither the insertion of dates nor the correction of typographical or grammatical errors shall be deemed a change to the Class Mail Notice.

13. If necessary, the Court may adjourn or postpone the Final Approval Hearing without further individual notice to the Class Members. However, the fact of such adjournment or postponement, as well as the time, date, and location of any rescheduled Final Approval Hearing, shall be posted and publicly viewable on the electronic docket for this case.

**SO ORDERED.**

DATED: September 14, 2016

Arthur J. Schwab
United States District Judge