IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

COMMUNITY BANK OF NORTHERN     MDL No. 1674
VIRGINIA MORTGAGE LENDING     03cv0425 and 05cv0688
PRACTICES LITIGATION

**ELECTRONICALLY FILED**

**MEMORANDUM ORDER**

Before the Court are two motions.  One is a motion to intervene and unseal documents filed by Certain Underwriters at Lloyd's of London, Twin City Fire Insurance Co., Continental Casualty Co., Clarendon National Insurance Co., Swiss Re International SE, Steadfast Insurance Co., St. Paul Mercury Insurance Co., and North American Specialty Insurance Co. (hereinafter, "the Insurance Companies") filed at docket number 03-cv-0425.  ECF 798.  The second is a motion to quash subpoena for deposition testimony of R. Bruce Carlson filed at docket number 21-mc-0284.  The motion to quash will be addressed via a separate memorandum order, but due to the related nature of the motion to quash with the above-captioned matter, the separate order will refer to this Memorandum Order.

With respect to the motion to intervene and unseal documents, the Insurance Companies seek to intervene in the above-captioned matter for the limited purpose of requesting that certain documents filed in the above-referenced case be unsealed (which were previously sealed for good cause shown by this Court), because of insurance coverage litigation currently pending in the United States District Court of the Southern District of New York.  Id.

Specifically, the Insurance Companies seek this Court's permission to intervene in the instant (closed) action to obtain the following documents:

- Tabs 33–45 and 56 of the Appendix to Defendant PNC's Motion for Summary Judgment and Decertification of Class (ECF No. 722);

- Plaintiffs' Response to the Motion for Summary Judgment's Statement of Material Facts (ECF No. 727);

- Tabs 69, 73, 143, and 162 of the Appendix to Plaintiffs' Memorandum in Opposition to the Motion for Summary Judgment and Decertification of Class (ECF No. 733); and

- All documents submitted to the arbitration panel that set the value of the settlement of this case in connection with the Court's final approval of settlement.

ECF 798.

In response to the motion to intervene, Plaintiffs[1] and class members filed a response and brief in opposition the Insurance Companies' request. ECF 801 and ECF 802. The Insurance Companies filed a reply brief (ECF 805), making this matter ripe for adjudication.

**I. STANDARD OF REVIEW**

The Court begins its analysis by noting that F.R.Civ.P. 24(b) governs the issue of whether the Insurance Companies should be permitted to intervene to obtain access to the sealed documents they wish to view. Rule 24 states in pertinent part as follows:

> (b) Permissive Intervention.
>
>> (1) In General. On timely motion, the court may permit anyone to intervene who:
>>
>>> (A) is given a conditional right to intervene by a federal statute; or
>>>
>>> (B) has a claim or defense that shares with the main action a common question of law or fact.

---

[1] "Plaintiffs" refers to Brian Kessler, Carla Kessler, Philip Kossler, Jeannie Kossler, John Picard, Rebecca Picard, Kathy Nixon, John Nixon, Flora Gaskin, Tammy Wasem, David Wasem, Bill Sabo, and Ellen Sabo, who were named plaintiffs in the above-captioned action. Hereinafter Plaintiffs and class members shall be referred to as "the Class Members."

*   *   *

> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

F.R.Civ.P. 24(b).

In applying Rule 24(b), the United States District Court for the Middle District of Pennsylvania recently summarized the case law as follows:

> Courts have allowed parties to intervene for the limited purpose of unsealing a judicial record, even "long after a case has been terminated." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778-79 (3d Cir. 1994)(agreeing with the "growing consensus among the courts of appeals"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 n.5 (3d Cir. 1993).
>
> A district court has the power to unseal previously-sealed documents through its general discretionary powers. *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007), as amended (July 2, 2007). The Supreme Court has recognized a common law right of access to judicial records and proceedings. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978). However, this right is "presumptive and not absolute." *United States v. Thomas*, 905 F.3d 276, 282 (3d Cir. 2018). Access to judicial records has been denied where the party seeking the protective order demonstrated "good cause" exists for the records to be sealed. *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019). "[T]he court ... must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Pansy*, 23 F.3d at 787 (alterations original). For example, the right of access is limited if it is outweighed by "the needs of the government to obtain just convictions and to preserve the confidentiality of sensitive information" or by a "risk of serious injury to third parties from disclosure." *United States v. Raffoul*, 826 F.2d 218, 223 (3d Cir. 1987).
>
> In considering whether to unseal judicial records, the Third Circuit uses "the same balancing test that is used in determining whether to grant such orders in the first instance." *Pansy*, 23 F.3d at 790. The party that

3

> seeks to maintain the seal " 'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.' " *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)(quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

*United States v. Smith*, No. 3:02-CR-00221, 2020 WL 4353565, at *2 (M.D. Pa. July 29, 2020).

Turning to the instant case, the Insurance Companies contend that: (1) they have standing to seek intervention and obtain the documents sought; and (2) the documents they seek through their intervention, are indeed judicial records. The Class Members disagree as to both points.

### II. ABBREVIATED BACKGROUND

Because this Court is familiar with the lengthy (decades long) background of the above-captioned matter, the facts herein are truncated to focus solely on the facts relevant to the immediate dispute before the Court. Importantly, this Court made a conscious decision, for good cause shown, most of the documents which form the basis of the motion to unseal contain personal identifiers of the individual Class Members.

The Class members were mortgage borrowers who sued numerous defendants including a financial institution ("CBNV"), ultimately acquired by PNC Bank. The class members alleged that CBNV's lending program violated numerous federal lending statutes (which rendered PNC liable for those alleged violations after it acquired CBNV), as did RFC – another financial institution – which purchased the loans. RFC filed for bankruptcy in 2012. PNC was the only remaining Defendant in June of 2013 when the Class Members sought class certification, which was ultimately granted.

In 2016, PNC filed a motion for summary judgment and filed a separate motion to decertify the class. The Class members opposed both motions and numerous documents were filed by these parties under seal mainly because the documents contained data that was derived

from thousands of consumer loan files – including consumers' loan file applications (hereinafter "loan documents").  The loan documents contain individuals' social security numbers, credit histories and reports, personal addresses, and the like.

The Insurance Companies who seek intervention and ultimately the unsealing of the above-listed documents (see pages 1-2 above) are currently defendants in pending litigation in the United States District and Bankruptcy Courts for the Southern District of New York.

### III. DISCUSSION

After carefully reviewing the submissions (and the documents to which the Insurance Companies wish to gain access), the Court declines to publicly disclose the documents, as per the Insurance Companies request for the reasons that follow and will DENY their motion to intervene and unseal the documents.

The Court begins by noting that Rule 24 (b) is permissive.  The rules explicitly states, "[t]he court may permit anyone to intervene . . . ."  F.R.Civ.P. 24(b) (emphasis added).  This is not the same as saying this Court must permit the Insurance Companies to intervene in this case for the limited purpose of unsealing certain sealed documents.

Next, the Court notes that the body of law upon which the Insurance Companies rely (such as *Pansy, supra.*, and others) were cases where the press was attempting to gain access to certain documents.  As noted by class members, the public at large does not have an interest in the class members' social security numbers and other sensitive data on loan document applications which are among the documents that the Insurance Companies seek to unseal and expose.  Even cases like *Leucadia*., *supra*., where it was a group of shareholders who sought to intervene and unseal documents filed in litigation between a defendant corporation and another

corporation, the corporations could not prove the need to keep the sealed documents away from public view.  Here, the opposite is true.

Simply stated, the sealed information sought is not information to which the public at large should have access. The data contained in these documents – which are primarily loan application files and similar documents – is too personal and too "usable" from an identity theft standpoint.  This Court and all others in the federal system endeavor to protect highly sensitive, personal information from public view.  This goal needs to be weighed and balanced against the public right to know what is contained in these sealed documents.  As noted by the Insurance Companies, "transparency in the judicial record is also key to preserving the integrity of the judicial system itself."  ECF 805, p. 1 (citation omitted).  However, the Court finds that this is precisely why Rule 24(b) is permissive.

In *Littlejohn v. Bic Corp.*, the United States Court of Appeals for the Third Circuit held:

> Although our courts recognize a general common law right to inspect and to copy judicial records and documents, the right is not absolute. *Nixon*, 435 U.S. at 598, 98 S.Ct. at 1312.  "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id*.  The common law thus merely establishes a presumption of public access to court proceedings and court records.  *Id*. at 602, 98 S.Ct. at 1314.  In resolving claims of access to trial evidence, "the strong common law presumption of access must be balanced against the factors militating against access." *Bank of America*, 800 F.2d at 344.  Despite the presumption, courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing. *Nixon*, 435 U.S. at 598, 98 S.Ct. at 1312.

851 F.2d 673, 678 (3d Cir. 1988).

Based on the rationale in *Littlejohn,* the Court concludes that the documents the Insurance Companies wish to unseal could easily and readily be used for an improper purpose – not necessarily by the Insurance Companies, but by other members of the public who could use the

data contained in those documents for improper purposes.  Thus, although the common law favors allowing public access, when balanced against the factors militating against access, this Court will opt to decline to unseal the documents.[2]  It is the Court's duty to weigh the benefit of public transparency and the need to protect sensitive information from the public view.  In this case, the Court finds that the Class Members have met their burden of proving that secrecy is required in this instance given the highly personal and sensitive data that would be exposed should the documents at issue be unsealed.

Furthermore, the Class Members have explained and provided evidence which tends to prove that the Insurance Companies <u>already possess the exact documents they want this Court to unseal,</u> essentially rendering their request in this matter, moot.  Counsel for the Class Members explained that the Class Members brought a coverage action in the United States District Court of the Southern District of New York.  Discovery in the coverage lawsuit is still ongoing.  However, since January of 2016 the Class Members produced thousands of documents which were previous filed in the instant matter and other cases as well.  The Class Members in their response opposing the unsealing of the documents in the instant matter stated:

> As a part of [the S.D.N.Y. coverage case] productions, counsel for [the Class Members] individually contacted and negotiated permission from defendants PNC and the FDIC in this case to produce confidential documents filed under seal to the Insurers.  As detailed in the next section, ultimately all [of] the sealed documents the Insurers seek in their Motion to Intervene were produced to the Insurers.  And for good measure, after Insurers filed their instant motion, Plaintiffs' counsel again produced each sealed document to the Insurers.

ECF 802, p. 5-6.

---

[2] The Parties to the instant dispute began their analysis of this issue by attempting to first prove (or disprove) the Insurance Companies had standing to intervene, and by secondarily arguing that the documents at issue were (or were not) judicial records.  The Court did not conduct such an analysis because no matter what the finding on each of these sub-issues, the Court concluded that public disclosure of the sealed items would be inappropriate given the nature of the documents, the uniquely personal data contained in the documents, and the harm that could ensue should public disclosure be granted.

To substantiate the Class Members' claim that the documents sought by the Insurance Companies in this litigation have been produced in the Southern District of New York litigation, an affidavit was prepared by attorney Roy Frederick Walters and was attached to the Response in Opposition:

> Specifically every sealed document identified in the Insurers' motion was previously produced to the Insurers, or otherwise publicly available to the Insurers, no later than August 17, 2020. . . . To remove any doubt, on February 26, 2021, my firm sent Insurers' counsel another production containing each sealed document identified in Insurers' motion.

ECF 802-1, p. 1.

Finally, the Insurance Companies do not deny that they already have the documents they seek to unseal. Instead, the Insurance Companies' reply to the Class Members' response states that documents Parties in the instant case shared with an Arbitration Panel (years ago in the instant case) have not been produced. ECF 805, p. 4. However, the Insurance Companies clearly seek to unseal "documents submitted to the arbitration panel that set the value of the settlement of [the immediate] case . . . ." The Class Members response makes it clear that the arbitration documents the Insurance Companies seek have been produced through discovery in the New York litigation, with redactions and privilege qualifiers. These and other documents in the New York litigation have been the subject of motions to compel and confidentiality agreements. Thus, this Court concludes that the Insurance Carriers may be unhappy or somewhat dissatisfied with the New York Courts' decisions with respect to what the Insurance Carriers may view. To run an end game around the New York's Southern District and Bankruptcy Courts and return here to Pennsylvania's Western District Court to obtain a full view of the all of documents -- while simultaneously allowing the public at large to have full access to this uniquely personal and sensitive data -- is something this Court will not countenance.

**IV. CONCLUSION**

Therefore, based on the foregoing law and authority, this Court DENIES the motion to intervene and to unseal documents filed at ECF 798.

SO ORDERED, this 25th day of March, 2021.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:	All ECF Registered Counsel of Record